THE STATE OF KANSAS v. SAMUEL HARRISON, *et al.*

ADDITIONS, ETC., TO COURT-HOUSE; *Powers of County Commissioners.* Before the county commissioners of any county can appropriate any money for the purpose of erecting any permanent county building, it is necessary that such commissioners should first submit the question of appropriating such money, or of erecting such building, to the legal voters of the county; but for the purpose of making necessary repairs or alterations of an already existing court-house, it is not necessary that the question should be so submitted. Hence, where the county commissioners of a certain county were sued for appropriating the funds of the county for certain improvements without first submitting the question to the legal voters of the county, and the county commissioners answered that they appropriated said funds for "additions, extensions and improvements to the court-house of said county;" "and that said additions, extensions and improvements of said court-house are now part and parcel of said court-house;" and that they "were necessary and proper for the immediate use of said county, and were urgently demanded by the business interests thereof," and that the commissioners acted in good faith, etc.; and the plaintiff demurred to this answer on the ground that it did not state facts sufficient to constitute a defense to the plaintiff's petition, and the court below overruled the demurrer, *held*, that this court cannot say that the court below erred.

*Error from Marion District Court.*

ACTION brought by *The State* against *Harrison* as principal, and the two sureties upon his official bond, as a county commissioner of Marion county, given under § 1432, p. 279, of the Compiled Laws of 1879. The alleged breaches of the bond grew out of the drawing of a certain warrant in favor of H. C. Koble, October 7, 1878, for $4,500, mentioned in the case of *The State, ex rel., v. Comm'rs of Marion Co.,* 21 Kas. 438.

The defendants' second defense to the plaintiff's petition is as follows:

"For a second and further ground of defense, said defendants say that said Samuel Harrison, as a member of the board of county commissioners, voted for the allowance of the said account of said H. C. Koble, and the issuance of a warrant to him, for the sum of $4,500 mentioned in said petition, at

a regular session of the board of county commissioners of said Marion county, held on the 7th day of October, 1878, in part payment of the contract price for certain additions, extensions and improvements to the court-house of said county, at Marion Centre, the county seat thereof, in good faith, without any corrupt motive and intent or collusion with any one, in the exercise of his best judgment in the premises as such county commissioner, and under and in accordance with the advice of legal counsel, believing that said board of county commissioners had full jurisdiction in the premises, with due and lawful authority to contract for the erection of necessary additions to and extensions and improvements of the county buildings at said county seat mentioned in the aforesaid contract with said H. C. Koble, and to pay for the same out of the eral county funds on hand and unappropriated to any other purpose, without first submitting the question of building said additions, extensions and improvements to the voters of said county; that said defendant, Samuel Harrison, voted as aforesaid for the allowance of said account of said H. C. Koble, and had previously thereto voted as such county commissioner in favor of contracting with said H. C. Koble for the erection of said additions, extensions and improvements of said court-house without first submitting the question of building the same to the voters of said county in accordance with the precedents set by former boards of county commissioners of said county, and in accordance with prior decisions of district courts of the state of Kansas, then and now standing and remaining in full force and unreversed and unmodified; that all the additions, extensions and improvements of said court-house at Marion Centre, prepared and contracted for in said contract with said H. C. Koble, were necessary and proper for the immediate use of said county, and were urgently demanded by the business interests thereof; that said county had not at the time of making said contract any jail or any place wherein persons charged with crime could be confined, nor at said time had said county any safe and sufficient depository for the records thereof, nor had it room for more than half of the county officers in its buildings, nor could sufficient and proper rooms for said county officers, and for the transaction of the county business and the safe-keeping of the county records, be procured without building the same; that the money paid to H. C. Koble by the county treasurer on said county warrant did not thereby become a total loss to said county, but said defendants aver that said sum of

$4,500 was also economically expended by said H. C. Koble under and in compliance with. his aforesaid contract in the erection of said additions, extensions and improvements of said court-house at Marion Centre, in. the purchase of materials therefor, and in payment for work and labor of mechanics and laborers performed in, about and upon said additions, extensions and improvements, and in the construction and erection of the same for said Marion county; that no part of said sum of $4,500 was expended or laid out for any other purpose or in any manner than as aforesaid; and that said additions, extensions and improvements of said court-house are now part and parcel of said court-house, and have thereby become the property of said county of Marion, without any additional cost or expenses to said county, beyond said $4,500. Wherefore," etc.

At the October Term, 1879, of the district court, the plaintiff's demurrer to this defense was overruled, to which ruling it excepted, and has brought the case here for review.

*C. Reed*, county attorney, and *Scott & Lynn*, for plaintiff in error.

·*L. F. Keller*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: The only question in this case is, whether the second defense of the defendants' answer sets forth facts sufficient to constitute a defense to the plaintiff's petition. The material question involved in the case is, whether the county commissioners of Marion county, Kansas, acted beyond their power or not, in issuing a certain warrant or order to Henry C. Koble for $4,500, and in appropriating that amount of money to make certain improvements in said county. Now while we know from the facts as set forth and shown in the cases of *The State, ex rel., v. Comm'rs of Marion Co.*, 21 Kas. 419 and 437, that said commissioners did act beyond their power, yet we hardly think that we can know such to be the case from the facts alleged and set forth in the present case. In the present case we can know the facts only as they are set forth and alleged in the second defense of the

defendants' answer, and as thus set forth, we do not think that they show that the county commissioners acted beyond their power. In the first place, we must presume, in the absence of anything to the contrary, that the commissioners did their duty; and in the second place, we must presume, in the absence of anything to the contrary, that the court below decided correctly in holding that the said second defense did set forth facts sufficient to constitute a good defense to the plaintiff's action. And with these presumptions in favor of the county commissioners and of the correctness of the decision of the court below, we must find, before we can hold that the commissioners (who are now defendants) acted beyond their power, that said second defense *shows affirmatively* that the commissioners did so act beyond their power. This we cannot do. In the former case, it was shown that said improvements were in fact a permanent county building, which was to cost at least $7,450. But in the present case, it is alleged in said second defense that said improvements are "additions, extensions and improvements to the court house of said county;" "and that said additions, extensions and improvements of said court-house are now part and parcel of said court-house," and that they "were necessary and proper for the immmediate use of said county, and were urgently demanded by the business interests thereof," and that the commissioners acted in good faith, etc., and there is nothing in the whole case that shows anything to the contrary.

It is certainly true, that before the county commissioners of any county can appropriate any money for the purpose of erecting any permanent county building, it is necessary that such commissioners should first submit the question of appropriating such money, or of erecting such building, to the legal voters of the county, (Comp. Laws of 1879, p. 276, § 18; *The State, ex rel., v. Comm'rs of Marion Co.*, supra;) but for the purpose of making necessary repairs or alterations of an already existing court-house, it is not necessary that the question should be so submitted. In the former case, as the facts

The State v. Harrison.

were then submitted to us, we decided against the power of the county commissioners to appropriate said money, and we adhere to that decision; but in the present case, as the facts are now presented to us, we shall have to decide in favor of their power. Probably the facts are not now truly presented to us, but the plaintiff, by demurring to the second defense of the defendants' answer, conclusively admits that they are. But even as they are now presented to us, we think the commissioners acted very indiscreetly. In all cases where a large amount of money is to be expended, it would be better for the commissioners to submit the question of its expenditure to the voters of the county. And where there is any doubt as to the power of the commissioners to expend money without such submission, they should give the benefit of the doubt to the voters, and submit the question before they expend the same. For where they have *no legal power* to act, they cannot plead *good faith* after they have acted.

As to the power of the county attorney to sue in the name of the state, the question will be found decided in the affirmative in the case of *Comm'rs of Harvey Co. v. Munger*, ante, p. 205; see also *The State v. Comm'rs of Marion Co.*, supra, and authorities there cited.

We cannot say that the court below erred in overruling the plaintiff's demurrer to the second defense of the defendants' answer, and therefore the judgment of the court below will be affirmed.

All the Justices concurring.