## MARY A. SMALL v. FRED POFFENBARGER.

[FILED JUNE 30, 1891.]

1. **Work and Labor:** PETITION. A petition alleging that there is due from defendant to plaintiff, for laborer's wages for work and labor done and performed by the plaintiff for the defendant at her request, in the years 1886, 1887, and 1888. the sum of $466.55, no part of which has been paid, states a sufficient cause of action, although subject to a motion to make more definite and certain. (*Tessier v. Reed,* 17 Neb., 105.)

2. **Witnesses:** REFRESHING MEMORY. A witness who had taken short-hand notes of certain testimony at a former trial is competent to testify to the facts in evidence from her own recollection, while refreshing her memory from her notes, if she states that she does remember the testimony that the witness gave on the former trial. (*Lipscomb v. Lyon,* 19 Neb., 511.)

ERROR to the district court for York county. Tried below before NORVAL, J.

*France & Harlan,* for plaintiff in error, cited: As to the petition: *McManus v. Mining Co.,* 4 Nev., 15; *Holgate v. Broome,* 8 Minn., 209; *Foerster v. Kirkpatrick,* 2 Id., 171; *Hall v. Southmayd,* 15 Barb. [N. Y.], 33. As to the testimony of stenographer: *Seligman v. Ten Eyck,* 53 Mich., 285; *People v. McKinney,* 49 Id., 334; *People v. Sligh,* 48 Id., 54; *Misner v. Darling,* 44 Id., 438; *People v. Becker,* 48 Id., 43.

*Sedgwick & Power, contra,* cited: *Tessier v. Reed,* 17 Neb., 105; *Dorsey v. Hall,* 7 Id., 463–4.

COBB, CH. J.

The plaintiff brought his action in the court below in the following form:

"In the District Court of York County, Nebraska.

"FRED POFFENBARGER, Plaintiff,
        v.                                      } Petition.
"MARY A. SMALL, Defendant.

"The plaintiff complains of the defendant, for that there is due from defendant to plaintiff, for laborer's wages, for work and labor done and performed by the plaintiff for defendant at defendant's request, in years 1886, 1887, and 1888, the sum of $466.55, no part of which has been paid.

"Plaintiff therefore prays judgment against defendant for said sum with interest and costs of suit."

The defendant's answer was a general denial.

There was a trial to a jury and a verdict for the plaintiff for the amount claimed. The defendant's motion for a new trial was heard and overruled, and judgment entered on the verdict.

The plaintiff in error assigns the following reasons for review :

1. The verdict is not sustained by sufficient evidence.

2. Is contrary to law.

3. For errors occurring at the trial and duly excepted to.

4. In giving instruction No. 4 of the court's own motion.

5. In overruling the motion for a new trial.

The first objection suggested by counsel for the plaintiff in error is that the petition does not allege the value of the plaintiff's services, before the trial court, nor that the defendant there had contracted and promised to pay for such services, and in fact that there is an absolute want of any allegation constituting a cause of action.

This objection is not well taken. The plaintiff's claim is sufficiently expressed in amount, time, place, and consideration to be susceptible of proof and investigation as to its validity or falsity. There was no demurrer in the court below.

In the case of *Tessier v. Reed*, 17 Neb., 105, it was held that "a petition which alleges that the defendant is indebted to the plaintiff for a specific sum, then due and payable, for goods, wares, and merchandise sold and delivered by the plaintiff to the defendants, states a cause of action, although subject to a motion to make definite and certain." The motion to make the petition more definite and certain in this case was not made. The objection is overruled.

Upon a careful review of all the evidence presented in the record we are of the opinion that the verdict is consistently sustained, and that it is fairly in accord with the rule of the common law of *quantum meruit*—the services were employed, discharged properly, and accepted as valuable, and that the compensation found to be due was just. The first and second errors are overruled.

The third assignment is that for errors occurring on the trial and stated in the brief of counsel as follows:

"The plaintiff Poffenbarger, by his attorneys, called a Miss Blanche Badger, clerk and stenographic reporter in the office of the attorneys for plaintiff, who claimed to have taken the testimony of the defendant Small in the county court when his case was tried there—plaintiff having first brought his case in that court and after the evidence was taken and the case submitted, dismissed his case without prejudice, and the plaintiff sought to prove what the defendant testified to in said court on cross-examination, and after a large number of objections and exceptions, the court permitted the witness to testify from her stenographic notes, and we call the court's attention to the manner of the examination."

We have carefully examined the testimony of this witness, and it does not appear that it was offered as impeaching or contradictory evidence, but as evidence of the statements and admissions of a party to the controversy and an undoubted debtor in the action, and we have no hesitation in deciding that the trial judge, in the court be-

low, ruled correctly that "the witness must testify from her own recollection, upon refreshing her memory from her notes of the testimony, if she states that she does recollect what the witness said." The witness stated that "she could certainly do so;" and thereafter her examination seems to have been properly conducted within the rule stated. (*Van Every v. Fitzgerald*, 21 Neb., 36; *Lipscomb v. Lyon*, 19 Id., 511.) The testimony of this witness is substantially corroborated by that of the plaintiff in error. There appear to be good reasons for overruling the third assignment of error.

The fourth instruction of the court to the jury is seriously complained of, "that if the jury believe from the evidence that at the time the contract is alleged to have been made the defendant knew that her husband was doing business and was employing parties to take care of her stock in her name, as her agent, and made no objections to his so doing, the defendant would be bound by any contract within the apparent scope of said business." We see no objection to this charge. The evidence abundantly justifies it, and the judgment is clearly right and just and is

AFFIRMED.

MAXWELL, J., concurs.

NORVAL, J., having tried the issue in the court below, gave no opinion in this case.