R. W. M. ROE v. THE BOARD OF COUNTY COMMISSIONERS OF ELK COUNTY, KANSAS.

1. PLEADING—*Immaterial Allegations.* Where a petition contains redundant, irrelevant, or immaterial allegations, which are calculated to prejudice the adverse party upon the trial of such case, the same should be stricken out on motion of the party prejudiced thereby.

2. ——— *Making Definite.* When the plaintiff's petition is indefinite and uncertain in its allegations, the same should be made certain and definite by amendment, on motion of the ad-

verse party, so that he may be informed of the real matter against which he is required to defend.

3. ACTION FOR PENALTY—*Limitation.* An action for the recovery of a penalty provided by statute must be commenced within one year after the right of action has accrued, or the same will be barred by the statute of limitations, unless the statute creating the penalty prescribe a different limitation.

4. COUNTY ATTORNEYS—*Their Rights and Duties.* It is the duty of county attorneys to appear in the several courts of their respective counties and prosecute and defend on behalf of the people all suits, applications, or motions, civil or criminal, arising under the laws of the state in which the state or the county is a party or is interested. They have full legal right to use the name of the state or board of county commissioners in the prosecution of any case in which the state or county is interested, and neither the board of county commissioners nor any member thereof has any power or control over their action in the premises.

MEMORANDUM.— Error from Elk district court; M. G. TROUP, judge. Action by the board of county commissioners of Elk county against R. W. M. Roe. Judgment for plaintiff, and defendant brings error. Reversed. The nature of the action, the pleadings, proceedings and facts fully appear in the opinion, filed July 16, 1895.

*L. Scott,* for plaintiff in error.

The opinion of the court was delivered by

JOHNSON, P. J.: This action was brought under § 39, chapter 25, General Statutes of 1889, against R. W. M. Roe, to recover back alleged unauthorized fees and money received by him while acting as one of the members of the board of county commissioners of Elk county. On the 29th day of March, 1889, the county attorney, on behalf of the board of county commissioners, filed in the office of the clerk of the district court of said county a petition against the said R. W. M. Roe, as principal, and N.

Monna and J. B. Dobyns, sureties on the official bond
of the said Roe, and thereafter, on the 17th day of
July, 1889, filed its amended petition in which it sets
out and alleges as its first cause of action :

(1) That the defendant, Roe, was the duly-elected
and qualified county commissioner within and for Elk
county, Kansas, for the full term of three years, com-
mencing on the second Monday in January, 1887, and
that said Roe acted as such county commissioner con-
tinuously from the commencement of said term until
the 3d day of December, 1888 ; that before entering
upon his duties as such county commissioner the de-
fendant, Roe, executed a bond to the state of Kansas as
such county commissioner, as provided by law, with
said defendants, N. Monna and J. B. Dobyns, as sure-
ties, which bond was duly approved and filed in the of-
fice of the register of deeds of said county of Elk, a copy
of which bond is attached to said petition, marked "Ex-
hibit A," and made a part of the amended petition to
the first cause of action therein ; and alleges that one
H. B. Marshall, of said county, was the duly-elected
and qualified commissioner for said county for the
full term of three years, ending on the second Monday
in January, 1888, and that said Marshall acted as such
commissioner during said entire term ; and one W. M.
Crooks was the duly-elected and qualified county com-
missioner for said county for the full term of three
years, ending on the second Monday in January,
1889, and that he acted as such during said entire
term ; that said defendant Roe was also duly-elected
and qualified county commissioner for said county for
the term of three years, ending on the second Mon-
day in January, 1887, and that he acted as such dur-
ing said entire term ; that in the years of 1886 and
1887 said Roe, Marshall and Crooks, while acting in

the capacity of county commissioners for said county, unlawfully appropriated to themselves, respectively, large. sums of money, and caused the same to be paid from the moneys in the treasury of said county, upon certain pretended claims filed by them, respectively, against said county of Elk, and by them allowed in the years last aforesaid while acting as such commissioners, which sums so unlawfully appropriated amounted to the aggregate sum of $2,000 and more in excess of all lawful sums and claims of whatsoever kind and nature that said commissioners were lawfully entitled to receive from said county in said years; which said sums so unlawfully appropriated could not be collected or received from said commissioners while they, or any two of them, remained in office, nor could action be prosecuted therefor; for said plaintiff alleges that after said moneys were unlawfully appropriated, and before the expiration of one year thereafter, the county attorney of said county commenced in the district court of said county a civil action against said commissioners, and each of them, to recover part of said moneys thus unlawfully appropriated, and to ascertain by judicial decision whether said commissioners, or any of them, were by law entitled to receive any part of said moneys, which said actions were defeated and a hearing on the merits thereof prevented by the combined efforts of said Roe, Marshall and Crooks, upon the sole ground that said county attorney commenced said action without the knowledge or consent and without the authority of them, the said commissioners; to which said action and to the records thereof in said court reference is made, and true copies of the motions, with the affidavits of said Roe, Marshall and Crooks attached thereto, which grounds aforesaid were raised and

determined and said actions against Roe and Crooks were dismissed, are thereto attached, marked exhibits "B" and "C," and made a part of the petition. Wherefore, the plaintiff alleges that, by reason of the premises aforesaid, action for the recovery of moneys aforesaid could not be commenced and prosecution of the merits thereof had while any two of said commissioners remained in office. (2) That said defendant Roe did not honestly and faithfully discharge all and singular his duties as such county commissioner during the term commencing on the second Monday in January, 1887, aforesaid, according to law, but failed, neglected, and refused, as hereinafter particularly set forth and alleged. (3) That before the commencement of this suit, the plaintiff demanded of said defendant Roe that he refund to the treasury of said county the moneys hereinafter alleged to have been unlawfully appropriated to said Roe and by him drawn from the treasury of said county unlawfully, but that he refused and still refuses to refund the same or any part thereof. (4) That said defendant Roe, on the 7th day of February, 1887, while acting in his official capacity as such county commissioner, procured the allowance of a certain pretended claim against said county of Elk in his favor, and the payment thereof from the moneys in the treasury of said county for the sum of $60, a copy of which pretended claim, with the indorsements thereon showing the allowance thereof, is hereto attached, marked "Exhibit B," and made a part of this amended petition and first cause of action, and said plaintiff alleges that said pretended claim was not and is not a lawful claim against said county; that said defendant Roe had no lawful right to receive said sum of money or any part thereof, and that the allowance

and payment of said pretended claim was unauthorized and in violation of law.

This is the entire allegation contained in the first cause of action. There are eight separate causes of action stated in the petition of the plaintiff. The seven succeeding causes of action merely refer to the general allegation in the first cause of action without setting out particularly any several causes of action, and refer to exhibits "A," "B," "C," and "D," thereto attached, as a part of each of the several causes of action as they are set forth, and allege the receiving of different sums of money at the different times, up to and including the 14th day of July, 1887. To this amended petition the defendant interposed two several motions, the first motion being to strike out certain portions of the plaintiff's amended petition, which motion was overruled by the court and exceptions taken by the defendant. This motion should have been sustained, as these allegations were unnecessary, redundant and irrelevant, and tended only to the prejudice of the defendant on the trial of said cause. The code of civil procedure requires the plaintiff in his petition to set out the facts constituting his cause of action in ordinary and concise language, and if redundant or irrelevant matter be inserted in any pleading it may be stricken out on motion of the party prejudiced thereby. The next motion was to require the plaintiff to make its petition more definite and certain in the following particulars; (and each count of the defendant's amended petition separately), (1) By setting out and stating wherein the several amounts described in each cause of action were not legal claims against said county of Elk, and wherein and in what respect said claims were and are unlawful and in violation of law, and for what services said claims were

presented, and when the same were paid, and how they were paid. (2) That the plaintiff be required to set out in each count to its amended petition when suit was commenced against the defendant and when the same was terminated, and to set out what the order and judgment of the court in said suit were. (3) That the plaintiff be required to set out in its amended petition, and in each count thereof, separately, wherein the defendant did not honestly and faithfully discharge and perform the duties of his office as county commissioner. (4) That the plaintiff be required to set out separately and in each count of its amended petition wherein the said claim was not a legal claim against said county of Elk, and wherein the defendant had no lawful right to receive the same, and to set out fully wherein said claim was unauthorized by and in violation of law. (5) That the plaintiff be required to set out separately in each count of its amended petition when demand was made on this defendant to pay or return to the plaintiff or the county treasury any of the sums sued for in this action, and how said demand was made, and by whom made. (6) That the plaintiff be required to set out fully in its amended petition wherein action could not be commenced against the defendant on the several causes of action pretended to be set up in the plaintiff's amended petition, and who, if anyone, prevented the commencement of said suit, and how the plaintiff was prevented from commencing suits against the defendants on the said several claims sued for in this action, and in what way the plaintiff was prevented from commencing suit on said claim, and who prevented said claims from being sued on. (7) That the plaintiff be required separately to state and number its several causes of action. Said motion was

15—APP.

overruled by the court, and excepted to by the defendant.

The motion of the defendants to require plaintiff to make its petition more definite and certain in certain particulars, and to make each count of the amended petition more definite and certain, should have been sustained. The petition does not show in what respect the claims that are alleged to have been unlawfully allowed by the commissioners and paid out of the county fund were illegal, nor for what services the claims were presented. The petition should contain a statement of facts in plain and concise language without repetition, showing on what account the claims alleged to have been unlawfully paid were allowed — whether for services as a member of the board of county commissioners, or whether they were claims for other and different services outside of those pertaining strictly to his fees as a member of the board of county commissioners. The petition is also defective in not stating wherein the defendant, Roe, did not honestly and faithfully discharge and perform the duties of his office as county commissioner. The averment in the petition is simply a conclusion without a statement of any facts in relation to the manner in which the defendant, Roe, did perform his duties as a commissioner of Elk county, nor does the petition anywhere show wherein the defendant had no lawful right to receive the money that was allowed him by the commissioners and paid out of the county funds of Elk county. The allegations in the petition that action could not be commenced against the defendant on the several causes of action as set up in its amended petition states no fact why suit could not be commenced against the defendant while the other two members of the board of commissioners remained in

office, nor does it allege any fact to show how the defendant had prevented the commencement of suit on the several claims sued on in the petition. The court erred in not sustaining the motion to require the plaintiff to amend its petition in these and other particulars.

After the court had overruled the motion of the defendants to require the plaintiff to make its petition more definite and certain, the defendants filed a demurrer to the amended petition of the plaintiff setting forth two causes of demurrer thereto : (1) That the several causes of action of plaintiff's petition are improperly joined ; (2) that the plaintiff's petition and each cause of action attempted to be set out in plaintiff's petition separately for that plaintiff's amended petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants. The demurrer of the defendants was sustained as to N. Monna and J. B. Dobyns, and overruled as to R. W. M. Roe, and judgment was rendered by the court sustaining the demurrer of N. Monna and J. B. Dobyns against the plaintiff for their costs, and the defendant, Roe, excepted to the judgment of the court in overruling the demurrer as to himself, and the case comes to this court on the petition in error of Roe alone.

Plaintiff's action is based on § 39 of chapter 25, General Statutes of 1889, to recover back unauthorized fees and money received by Roe while acting as one of the members of the board of county commissioners. Under this section all fees, costs or other allowances of any fees obtained from or allowed against any county, when the same are not authorized by law and not refunded on demand, may be recovered back in a civil action in the name of a proper

county in any court of competent jurisdiction, and on rendering judgment in any such case, the justice or the court rendering the same, shall add 100 per cent. to the same to go to the county, and also a fee of $10 if in a justice court, and $25 if in the district court, to go to the county attorney or other person prosecuting the same.   This is a penal statute, and the action to recover the penalty must be commenced within one year or else it will be barred by the statute of limitations. Section 18 of chapter 80 of the General Statutes of 1889 defines the different periods of limitation in cases other than for the recovery of real estate.   Subdivision 4 provides :

"Within one year : An action for libel, slander, assault, battery, malicious prosecution, or false imprisonment ; an action upon a statute for penalty or forfeiture, except where the statute imposing it prescribes a different limitation."

The petition in the case shows that this action is prosecuted for the recovery of a penalty prescribed by statute, and also shows that the action was not commenced within one year from the time the money is alleged to have been received by Roe.   The action is barred by the statute of limitations.   It was attempted in the amended petition to show such state of facts as suspended the statute of limitations by stating that the action could not be commenced within one year after the receipt of the several sums of money mentioned in the amended petition by reason of the commissioners' refusal to allow the same to be prosecuted on behalf of the board of county commissioners, but it is nowhere alleged that the board of county commissioners interfered to prevent the bringing of suits for the recovery of the money with the legal penalty.   It is alleged that the county attorney

had commenced a civil action in the district court against the commissioners, and each of them, to recover part of the money unlawfully appropriated, and to determine by judicial decision whether the commissioners, or either of them, were by law entitled to receive any part of said money, which said action was defeated and a hearing on the merits thereof prevented by the combined efforts of Roe, Marshall and Crooks, upon the sole grounds that the said county attorney had commenced the action without the knowledge or consent and without the authority of the commissioners. A copy of the record of such proceedings is attached to the petition, and made a part of the amended petition.

Upon examination of the record, it is shown that the summons was quashed on motion because it was improvidently issued, the plaintiff not having given bond for costs, and not because of the interference of the commissioners. The claim is rested on the simple fact that Roe was a county commissioner, and the sums unlawfully appropriated by the commissioners could not be collected or received from said commissioners while they, or any two of them, remained in office, nor could an action be prosecuted therefor. This claim cannot be sustained. These facts are not such an exception as would prevent the running of the statute of limitations. It is made the duty of the county attorneys to appear in the several courts of their respective counties and prosecute and defend, on behalf of the people, all suits, applications, or motions, civil or criminal, arising under the laws of this state in which the state or county is a party or interested. They have the full legal right to use the name of the state or board of county commissioners in the prosecution of any case in which the state or county

is interested, and the board of county commissioners has no power or control over their action in the premises; and it is further made the duty of the county attorney, in case any county commissioner shall be guilty of a violation of any of the provisions of chapter 25, General Statutes of 1889, to prosecute him for a misdemeanor, and if any commissioner shall be found guilty of a violation of any of the provisions of said chapter he shall be deemed guilty of a misdemeanor, and, on conviction thereof, be fined in a sum not exceeding $500, or by imprisonment in the county jail for a term not exceeding one year, or by both such fine and imprisonment. In addition to such fine and imprisonment, every officer who shall be convicted of any official misdemeanor or misconduct in office, or who shall be convicted of any offense, shall forfeit his office. So, if the county commissioners of Elk county had violated the law in the manner claimed, the county attorney had full power and authority to prosecute them, and, if found guilty, have them removed from office. A member of the board of county commissioners is not the sole manager of the affairs of the county, nor have all the members of the board the power to prevent a prosecution of either civil or criminal actions for misconduct in office. The right to bring an action and prosecute the same to final judgment is vested in the county attorney, and the members of the board of county commissioners have no control over him in the matter. The right to bring an action existed all the time.

There are other reasons why the demurrer should have been sustained. The amended petition does not state facts sufficiently well pleaded to constitute a cause of action against the defendant, Roe. It does not appear from the amended petition that the claims

Opinion of the Court.

upon which the allowances were made were not lawful claims against the county. It simply alleges that they were unlawful, and attaches copies of the claims allowed, and upon the inspection of the exhibits it discloses the fact that the claims alleged to have been illegal were for services as committee in superintending the construction of a court-house and a building on the poor-farm. For all that appears in the amended petition, the claims were legal and properly allowed. There are other imperfections in the amended petition that are not necessary to be passed upon by this court. There are various other objections and exceptions urged by counsel in the argument of the case, which arose during the trial of the case and in the motion for a new trial, which are not necessary to be passed upon from the view taken of this case, as the case will have to be reversed for errors already pointed out, and as the plaintiff below cannot so amend its petition as to entitle it to recover against the defendant. The judgment of the district court is reversed, and the case remanded, with direction to sustain the demurerr of Roe to the amended petition, and render judgment against the plaintiff for costs of suit.

All the Judges concurring.