## SOUTHERN DEPARTMENT.
### WESTERN DIVISION.

BOARDMAN F. SMITH v. FANNY H. McCOOLE.
#### No. 9.

1. PLEADING—*petition indefinite, error to overrule motion to amend.* When the allegations of a petition are so indefinite and uncertain that the precise nature of the charge is not apparent, and the defendant is likely to be embarrassed in his defense by reason of the character of such allegations, it is error for the court to overrule a motion of defendant to require the pleadings to be amended.

2. REPLEVIN—*petition and affidavit in, should specifically describe property.* The action of replevin is for the recovery of specific personal property, and the petition and affidavit in replevin should specifically describe the property sought to be replevined.

Error from Kiowa District Court. Hon. S. W. Leslie, Judge. Opinion filed December 1, 1896. *Reversed.*

This is a suit in replevin to recover possession of certain cattle. The plaintiff below alleged in her petition:

"That she is the rightful owner of the following personal property and entitled to the immediate possession of the same, to wit: 6 head of one-year-old heifers; 12 head of one-year-old steers; 21 head of mixed cows, all of the aggregate value of twelve hundred dollars."

At the commencement of her suit she filed an affidavit of which the descriptive part is as follows:

"Six head of one-year-old heifers, value $120; 12 head of one-year-old steers, actual value, $240;

714      Smith v. McCoole.

S. Dept.      Opinion.   Johnson, P. J.      5 Kan. App.

21 head of cows, actual value, $840; all of the aggregate value of $1,200.''

The defendant filed a motion for an order to require the plaintiff below to make her petition more definite and certain, by stating the following facts:

"*First.* By more particularly describing the articles alleged to be the property of said plaintiff, detained by said defendant. *Second.* By more fully setting forth the specific items of damage alleged to be sustained by plaintiff. *Third.* By more fully stating the manner in which said damages were so sustained.''

This motion was overruled by the court, and the defendant duly excepted, and brings the case to this court for review.

*A. H. Case*, for plaintiff in error.

*Milton Brown*, for defendant in error.

Johnson, P. J. Section 119 of the Code of Civil Procedure (¶ 4202, Gen. Stat. 1889) provides:

"When the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment.''

Section 176 of the Code of Civil Procedure (¶ 4259, Gen. Stat. 1889) provides:

"The plaintiff, in an action to recover the possession of specific personal property, may, at the commencement of the suit or at any time before answer, claim the immediate delivery of such property, as provided in this chapter.''

And, in order to obtain an order of delivery to recover possession of the property, the plaintiff, his agent or attorney, must make and file the necessary affidavit, setting out a description of the property claimed. § 177, Code.

We think that the petition should have contained such a description of the property claimed to be wrongfully detained, as would enable the officer holding the writ to distinguish the property from the general class of property of the same kind.

The action of replevin is to recover the possession of specific property, and the word, "specific," means the very opposite of the word, "general;" and the language of plaintiff's petition is nothing but general. It does not give any words of description by which the animals could be identified or separated from other cattle of the same age or sex.

We think the court should have required the plaintiff to so amend her petition as to show what cattle she was seeking to recover from the defendant below. The very object and design of all pleadings by a plaintiff is, that the adverse party may be informed of the real cause of action and may thus have an opportunity of meeting and defeating it, if possible, at the trial.

Where the party undertakes to recover the possession of specific personal property which is detained by another, the petition should contain such a particular description of the property as will enable it to be identified from other property of the same general class,— should give ages, sex, color, brands,— if any — or such other marks as indicate the specific property claimed. The refusal of the court to require the plaintiff to make her petition more definite and certain was such error as prejudiced the rights of the defendant below on the trial of said action.

There are various other errors complained of in the trial of this case which we think unnecessary to refer to, inasmuch as this case must be reversed for the error of the court in refusing to require the plaintiff

to make her petition more definite and certain as herein indicated.

The judgment will be reversed and the case remanded.