## SWARTS et al. v. STATE ex rel. CALDWELL, Co. Atty., et al.

No. 7927—Opinion Filed July 9, 1918.

(174 Pac. 255.)

1. **Pleading — Action on Bond—Sufficiency of Petition—Motion to Make More Definite and Certain.**

In an action against an outgoing clerk of the county court and surety on his official bond for moneys alleged to have been received by such clerk in his official capacity during his term of office, and which, on retirement from office, the petition asserts, he has not paid to the proper authority, such claim being based upon several official transactions involving the receipt and distribution of different sums at various times, from divers sources, an allegation of the sum total received, the amount accounted for, and the balance due, is not sufficient as against a motion to require the plaintiff to make more definite and certain by setting forth the separate receipts and disbursements of money, the specific sources from which the moneys were received, and the particular transactions involved.

2. **Reference — Appointment of Referee—Agreement of Parties.**

In a case where it is proper to make an order of reference and the same is made, it is the duty of the trial court, on the request of either party, unless one of the parties be a minor, to give the plaintiff and defendant an opportunity to agree, if possible, upon a referee or referees, not exceeding three. In the event of a failure of the parties to so agree, the court may make proper appointment without the consent of either of the parties.

3. **Clerks of Courts—Suit on Official Bond—Power of County Attorney.**

The county attorney is vested with authority to maintain an action in the name of the state on the official bond of the clerk of the county court, which office formerly existed under the laws of this state, on account of failure of such clerk on retiring from office to deliver funds to his successor in office, the custody of which was lawfully lodged in such office.

(Syllabus by Stewart, C.)

Error from District Court, Craig County; Preston S. Davis, Judge.

Action by the State of Oklahoma, on relation of C. Caldwell, County Attorney, and Jas. F. McCullough, Clerk of the County Court, against H. J. Swarts and the International Bank & Trust Company. Judgment for plaintiffs, and defendants bring error. Reversed, with instructions to grant a new trial.

Seymour Riddle and A. D. Bennett, for plaintiffs in error.

Willard H. Voyles, for defendants in error.

Opinion by STEWART, C. The plaintiffs in the trial court sought to recover from the defendants because of moneys which, it is alleged, the defendant Swarts, as clerk of the county court of Craig county, Okla., collected from clients in probate cases and from other sources, the custody of which money properly belonged to the clerk of the county court, it being averred that Jas. F. McCullough was the clerk of the county court at the time of bringing the action and the successor of the defendant H. J. Swarts as such clerk; that the defendant H. J. Swarts retired from office and failed to turn over all of the moneys so collected; that the defendant International Bank & Trust Company as surety on the official bond of the said H. J. Swarts was liable on said bond to the extent of the default of H. J. Swarts. Various motions and demurrers were filed by the defendants, each of which was overruled and exceptions saved. The defendants afterwards answered, and, the cause coming on for hearing, the court on its own motion made order referring the cause to J. Howard Langley as referee, and refused to allow a jury trial on demand of defendants. Trial was had before the referee, and his findings were filed in court. The court adopted the findings of the referee and rendered judgment against the defendants jointly and severally. Motions for new trial were duly filed and overruled and exceptions saved. Defendants bring error to this court.

It will be necessary to consider at length only one of the assignments of error, as the cause must be reversed upon such assignment; the same being as follows: "The court erred in overruling the motion to

make the petition more definite and certain."

The defendants directed their motions to make more definite and certain to several portions of the petition; the material objection, in our opinion, being to the count in the petition which reads as follows:

"That during the said term of office of the said H. J. Swarts as aforesaid, he was the proper custodian of all the records of the county court of said county and had charge of the collecting and disbursing of the fees and moneys received and obtained by virtue of said office. That at the close of his said term of office, there was due in probate cases pending in said county court money which had been collected from clients in said cases the sum of $1,077.45, and that when the said H. J. Swarts retired from office he failed to turn over to the plaintiff James F. McCullough the whole of said sum of money, but only turned over to him the sum of $474.50 as money belonging to probate cases, leaving a balance due that was not turned over to his said successor and which said Swarts still retained and still refuses to pay over in the sum of $602.95."

In no portion of the petition is the claim set forth more specifically than as quoted. There is no exhibit to the petition giving the particular items upon which the claim is based.

The defendants each filed a separate motion to make more definite and certain, asking that plaintiffs be required to set forth and state in the petition the names of the persons from whom the moneys alleged to have been collected and retained by the defendant were received, what sums were collected, for what services, and in what cases collected and retained, to whom said moneys alleged to have been retained by defendant belonged, whether the alleged retained money was earned or unearned by the county court of Craig county and its officers, whether or not an accounting had been made between the plaintiffs and defendants, and if so, the plaintiffs be required to set forth a statement of the debits and credits as found by the accounting; that the plaintiff be required to designate in what cases, by style and number, moneys had been collected, the amount thereof, and how much of said amount or amounts was claimed to have been retained by defendant, Swarts.

Each of the motions filed were overruled and exceptions were preserved. We are of the opinion that the trial court was in error, and it cannot be said, under the facts in this case, as shown by the record, that the defendants, particularly the defendant

International Bank & Trust Company, were not prejudiced by such error of the court. The defendants had a right to have the claim of plaintiffs in the respects mentioned set forth specifically, so that they would be in a position to meet any testimony that might be offered and in order that they might fully prepare for a proper trial of the case. It has been suggested in the brief of plaintiffs that the defendant Swarts, having held the office, should have been in a position to have met the issues without the same being more specifically stated. It will, however, hardly be contended that the defendant International Bank & Trust Company occupies any such position. Nor do we think that the suggestion as to the defendant Swarts is sound. With equal logic, the contention made might be urged against the defendant in any case who is sued as to matters about which it is alleged that he had particular knowledge of the transaction. The defendant in any case has the right to have a cause of action against him set forth with reasonable particularity. If, in the case being considered, it had been alleged that there had been a settlement between the plaintiffs and the defendant Swarts and a definite amount agreed upon as a balance due, of course, an averment to such effect would have been in the nature of an allegation of stated account and would have been sufficient, at least as against Swarts; but the petition contains no such allegation. It is possible, in the instant case, that the plaintiffs would have recovered, even if the petition had been amended to conform to the defendants' request; but from the record before us we cannot say that such would have been the result, nor can we say that, in the event of recovery the judgment would have been for the same amount.

We are loath to reverse a case of this character, but we would not discharge our duty unless we granted the defendants the right accorded by law.

It is said in Roe v. Board of County Com'rs, Elk County, 1 Kan. App. 219, 40 Pac. 1082:

"When the plaintiff's petition is indefinite and uncertain in its allegations, the same should be made certain and definite * * * on motion of the adverse party, so that he may be informed of the real matter that he is required to defend against."

In City of Rochester v. McDowell, 59 Hun, 615, 12 N. Y. Supp. 414, it is held:

"In an action by a city against its treasurer and his sureties for moneys alleged to have been misappropriated by the treasurer, a bill of particulars of plaintiff's claim will be ordered at the instance of the

sureties, though plaintiff files affidavit that he cannot furnish more particulars than those appearing in the complaint."

In Nash v. Denton, 59 Kan. 771, 51 Pac. 896, the court says:

"A petition alleged that a copy of an account attached as an exhibit, indicating merely dates and sums of money, generally represented grain sold and delivered. There was nothing indicating the quantity or kinds of grain, or which items referred to grain. Held, that a motion to make more definite should have been granted."

See, also, the following authorities: Warren v. Powell, 122 Ga. 4, 49 S. E. 730; Bradley v. Parkhurst, 20 Kan. 462; Small v Poffenbarger, 32 Neb. 234, 49 N. W. 337; Plummer v. Weil, 15 Wash. 427, 46 Pac. 648; Smith v. McCoole, 5 Kan. App. 713, 46 Pac. 988.

The defendants also urge as error the action of the trial court in refusing to sustain the demurrer of the defendants because of defect of parties, in that neither the state of Oklahoma nor the county attorney is an interested party in this action; it being also contended that this action cannot be maintained without the consent of the board of county commissioners of Craig county, and that such consent does not appear to have been granted. We do not think that, in this case, such consent was necessary. The county attorney was authorized to maintain an action in the name of the state. McColgan v. Territory, 5 Okla. 567, 49 Pac. 1018; Board of Commissioners v. Munger, 24 Kan. 205; State v. Harrison et al., 24 Kan. 268; State ex rel. Attorney General v. Houston, 27 Okla. 607, 113 Pac. 190, 34 L. R. A. (N. S.) 380; Carmichael v. Moore, 88 N. C. 29; Greser v. People, 36 Ill App. 415. Granting that it was unnecessary for McCullough, as successor of Swarts in office, to join as plaintiff, we cannot see that the defendants were thereby prejudiced The unnecessary party could have been stricken before or after judgment, and, in the event the case had been affirmed, this court could have stricken the unnecessary party and rendered a judgment in favor of the proper party. The defendant further complains that the order of the court appointing a referee is void. In this case it was proper to make order of reference and name a referee; but the plaintiffs and defendants, on request of either party, should have been permitted to agree, if possible, upon one or more referees not exceeding three. In the event of failure or refusal of the parties to so agree, the court had the power to make proper appointment without the consent of either party. We do not find

that the parties were afforded an opportunity to agree upon such appointment. We express no opinion as to whether or not the defendants were prejudiced in the instant case by not having this opportunity, but suggest that, in the event of another trial, the parties should be accorded this statutory right, and, in case of agreement, the appointment should be made accordingly; otherwise, the court should make such appointment as in the exercise of its discretion is deemed proper.

For the reasons assigned, the judgment for the trial court is reversed, with instructions to grant a new trial and to proceed further in a manner not inconsistent with this opinion.

By the Court: It is so ordered.