## BOARD OF COM'RS of OKMULGEE COUNTY v. CAMPBELL et al.

No. 18367.  Opinion Filed June 19, 1928.

(Syllabus.)

1. **Counties—Duty of Officers Chargeable with County Money to Account to County Commissioners and Treasurer—Statute.**

Under section 5839, C. O. S. 1921, it is the duty of all treasurers, sheriffs, clerks, constables and other officers chargeable with money belonging to the county to render their accounts and to settle with the county commissioners at the time required by law, and pay into the county treasury any balance which may be due the county.

2. **Same—Duty of Commissioners When Officer Fails to Render True Account.**

Under section 5841, C. O. S. 1921, if any

officer thus chargeable shall neglect or refuse to render true accounts, the county commissioners shall adjust the accounts of such delinquent officer according to the best information they can obtain, and ascertain the balance due the county, and order suit be brought in the name of the county therefor.

### 3. Same—Authority for County Attorney to Maintain Suit Against Court Clerk for Money not Accounted for to County.

Where the books of the court clerk have been audited by the deputy State Examiner and Inspector and the report of such audit shows that certain sums of money have been received by the court clerk which have never been accounted for to the county, and the county attorney institutes a suit in the name of the county to recover such funds, and the authority of the county attorney to maintain the suit is challenged, and thereupon the board of county commissioners immediately pass a resolution directing the county attorney to prosecute said suit to a final conclusion on behalf of the board of county commissioners, held, that the county attorney was authorized to prosecute and maintain said suit.

Error from District Court, Okmulgee County; James M. Hays, Judge.

Action by the Board of County Commissioners of Okmulgee County against William Campbell and another. From a judgment of dismissal, plaintiff appeals. Reversed, with directions.

A. N. Boatman, Co. Atty., and C. M. Gordon, Asst. Co. Atty., for plaintiff in error.

E. M. Carter, Harland A. Carter, and R. E. Simpson, for defendants in error.

HEFNER, J. The board of county commissioners of Okmulgee county, as plaintiff, brought this action in the district court of said county against Wm. Campbell, a former court clerk of the county, as principal, and the Fidelity & Deposit Company of Maryland, as sureties on two official bonds, and asked for a judgment against the defendants in the sum of $4,069.16, and alleged that the court clerk had neglected and refused to properly account for the moneys sued for. After the pleadings had been settled, the case was tried to a jury, which resulted in a mistrial. Thereafter the defendants filed a joint motion to dismiss and as grounds therefor alleged:

"First. That the plaintiff, board of county commissioners of Okmulgee county, Okla., was not a proper party plaintiff for the reason that no order, resolution or proceeding had ever been had or enacted by said board authorizing the bringing of said suit; and,

"Second. That the county attorney of Okmulgee county, Okla., was wholly without power and authority to maintain said action in that no proper order or resolution had ever been enacted or passed by said board of county commissioners of Okmulgee county, Okla., authorizing or instructing said county attorney to prosecute said action against the defendant; and,

"Third. That said action was a voluntary action on the part of the county attorney of Okmulgee county filed and maintained without order, resolution, or instruction from the alleged plaintiff, board of county commissioners of Okmulgee county, Okla., and as such, said action was wholly without authority of law and void, and prayed the court that said defendants be permitted to offer proof of the allegations contained therein, and that the court strike from the files all pleadings filed therein on behalf of the board of county commissioners of Okmulgee county, Okla., and dismiss said cause of action."

On the 8th day of February, 1927, after the filing of said motion, the board of county commissioners passed a formal resolution directing the county attorney of Okmulgee county to prosecute the suit to a final conclusion; which resolution was filed in this cause on the 19th day of February, 1927, and offered in evidence when the motion to dismiss was heard.

On the 19th day of February, 1927, the motion to dismiss was sustained, and the action of the court in dismissing the petition is now before us for review.

The resolution passed by the board of county commissioners is as follows:

"Whereas, it was made to appear to the board of county commissioners of Okmulgee county, Okla., that on the 22nd day of May, 1925, the county attorney of Okmulgee county instituted a civil suit in the district court of Okmulgee county, Okla., No. 13365, Board of County Commissioners of Okmulgee County, State of Oklahoma, v. Wm. Campbell and Fidelity & Deposit Company of Maryland, a Corporation, for the recovery of certain moneys shown to be due Okmulgee county from the said Wm. Campbell from funds received by him, the said Wm. Campbell, as court clerk of Okmulgee county, Okla., which had never been accounted for, the said Fidelity & Deposit Company of Maryland, a corporation, being the sureties on the official bond of said Wm. Campbell; and

"Whereas, it appears that said sum is due Okmulgee county as shown by the report of audit of the deputy State Examiner and Inspector;

"Therefore, be it resolved, by the board of county commissioners of Okmulgee county, state of Oklahoma, in a regular meeting duly

assembled, that we hereby direct and instruct the county attorney of Okmulgee county to prosecute said trial to a final conclusion on behalf of said board of county commissioners of Okmulgee county, Okla."

It is contended by the defendants that the county attorney of Okmulgee county was without authority to prosecute this cause. Section 5741, C. O. S. 1921, fixes the duty of the county attorney, and is as follows:

"It shall be the duty of the county attorney to appear in the district, superior, and county courts of his county and prosecute and defend, on behalf of the state or county, all actions or proceedings, civil or criminal, in which the state or county is interested or a party; and wherever the venue is changed in any criminal case, or in any civil action or proceeding in which his county or the state is interested or a party, it shall be the duty of the county attorney of the county where such indictment is found, or the county interested in such civil action or proceeding, to appear and prosecute such indictment, and to prosecute or defend such civil action or proceeding in the county to which the same may be changed."

In the case of Swarts v. State ex rel. Caldwell, County Attorney, et al., 70 Okla. 205, 174 Pac. 255, the county attorney brought suit on the official bond of the clerk of the county court for failure to account for certain funds coming into his possession. In that case this court said:

"The defendants also urge as error the action of the trial court in refusing to sustain the demurrer of the defendants because of defect of parties, in that neither the state of Oklahoma nor the county attorney is an interested party in this action; it being also contended that this action cannot be maintained without the consent of the board of county commissioners of Craig county, and that such consent does not appear to have been granted. We do not think that, in this case, such consent was necessary. The county attorney was authorized to maintain an action in the name of the state."

It is generally presumed that the attorney appearing for a client is acting in all matters for his client's rights with authority from the client he represents, and the burden of proof is upon those disputing such authority. The contention of the defendants herein, however, is that the board of county commissioners had no authority to institute or maintain this cause of action because it had not complied with the statute authorizing such a suit to be brought. This

contention is based on sections 5839 and 5841, C. O. S. 1921, which are as follows:

"All treasurers, sheriffs, clerks, constables and other officers chargeable with money belonging to the county shall render their accounts to and settle with the county commissioners at the time required by law, and pay into the county treasury any balance which may be due the county, take duplicate receipts therefor, and deposit one of the same with the clerk of the county within five days thereafter." (5839, C. O. S. 1921.)

"If any person thus chargeable shall neglect or refuse to render true accounts or to settle as aforesaid, the county commissioners shall adjust the accounts of such delinquent according to the best information they can obtain, and ascertain the balance due the county, and order suit be brought in the name of the county therefor, and such delinquent shall not be entitled to any commission and shall forfeit and pay to the county a penalty of 20 per cent. on the amount of funds due the county." (5841, C. O. S. 1921.)

In the case of Kingfisher County v. Graham, 40 Okla. 571, 139 Pac. 1149, this court said:

"An action cannot be commenced against a delinquent officer under section 1697, Compiled Laws 1909, except upon the order of the board of county commissioners, and an appeal cannot be taken by the county attorney from a judgment rendered against the county in such case, without the consent and against the wishes of the board of county commissioners. * * *

"It will be observed from the above statutes that the power to institute and prosecute actions in the name of the county is vested in the board of county commissioners, and in an action against a delinquent officer, section 1697 is a special statute, and specifically provides that suit shall be brought on the order of the board of county commissioners, and necessarily excludes any implied power on the part of any other officer to bring or maintain an action of this character."

The record discloses that before the suit was brought the county commissioners had caused the deputy State Examiner to make an audit of the books of the court clerk, and this audit formed the basis of this cause of action. It is true that no formal resolution had been passed by the board of county commissioners directing the county attorney to bring this cause of action at the time it was brought. The statutes, however, do not require a formal resolution. After the question of the authority of the county attorney to maintain the action in the name

of the county was raised, the board of county commissioners passed a formal resolution and directed the county attorney to prosecute said cause to a final conclusion on behalf of the board of county commissioners.

Since the county commissioners had caused the books to be audited before the suit was filed, it doubtless is true that the suit was instituted by the county attorney with the knowledge and consent of the board of county commissioners or under their direction. When the authority of the county attorney was challenged, the board of county commissioners promptly passed a formal resolution directing that the suit be prosecuted to a final conclusion.

The better practice doubtless would have been for the county commissioners to have passed a formal resolution in advance of the filing of the suit directing the county attorney to institute the suit in the name of the county. It is doubtless true that the county attorney could not prosecute this cause of action over the objections of the board of county commissioners. The statutes relating specially to delinquent officers clothe the county commissioners with authority to direct litigation of this character. We think the Legislature in passing these statutes intended to delegate this authority to the county commissioners.

The facts disclosed by this record clearly show that the suit was not brought over the objections of the county commissioners, but was brought with their knowledge and consent, and when a question of the authority of the county attorney to maintain the suit was raised, the county commissioners immediately passed a formal resolution directing its prosecution.

We think, however; under all the facts presented by this record, there was a substantial compliance with the statutes, and the county attorney was authorized to prosecute this cause. It was the duty of the trial court, therefore, to overrule the motion to dismiss the cause.

The judgment is reversed, with directions to overrule the motion to dismiss.

MASON, V. C. J., and PHELPS, LESTER, and RILEY, JJ., concur.

Note.—See under (1) 15 C. J. pp. 513, 514, §184    (2) 15 C. J. p. 459, §106. (3) 15 C. J. p. 526, §206.