CASE 51--PETITION ORDINARY. TRANSFERRED TO EQUITY.
APRIL 4.

# Schwearman v. Commonwealth.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. SALOON LICENSE—WHEN COUNTY CLERKS MAY COLLECT WITHOUT ORDER OF COUNTY COURT GRANTING.—The provision in Section 4203 of the Kentucky Statutes that the County Court shall have exclusive jurisdiction to grant saloon licenses applies only to the county, and not to incorporated cities and towns, in which express authority to grant or withhold such licenses is granted to the municipal authorities. It is therefore not necessary in a suit on a county clerk's bond to recover for license fees not accounted for, the fees having been collected for licenses granted by municipal authority, to allege that there had been an order of the county court granting the licenses.

2. COUNTY CLERKS—OFFICIAL BOND—SURETIES—LIMITATION.—A surety on a county clerk's bond is released after seven years, under the provisions of section 2551 Kentucky Statutes, and section 2515 providing that actions for relief on the ground of fraud or mistake shall be commenced within five years next after the cause of action accrued, and the provision of section 2519 that such cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake, have no application to actions on official bonds of public officers.

T. M. HILL FOR APPELLANT.

1. The county court alone had the power to grant the license under the provisions of the statute, and the license not having been granted by the county court, there was no tax due the State. (Commonwealth v. Wilson, 7 Rep., 666.)

2. The seven year statute of limitation in favor of sureties applies to this case. (Commonwealth v. Gardner, 17 Rep., 75.)

3. This is not an action for relief from fraud or mistake, and the sections of the statute relative to such actions have no application.

Schwearman v. Commonwealth.

IRA JULIAN AND WM. J. HENDRICK FOR APPELLEE.

1. The presumption is that the licenses issued by the clerk were authorized by the county court; otherwise the clerk could without authority issue licenses and collect the fees therefor, and when sued for the money take advantage of his own wrong by claiming the county court did not authorize the issual of the license.

2. Where the law imposes a public duty, it is unnecessary in pleading to allege it; or where, upon a state of facts presented, a duty necessarily arises by implication, it need not be stated. (9 Bush, 528.)

3. This is an action for the recovery of money withheld by and through the fraud of the county clerk; and it is not necessary that an action should be, technically, an action for relief from fraud or mistake before the equitable principle embodied in the statute should be applied. (Wood on Limitation, pp. 115, 382, 590, 588; American & English Enc. of Law, Vol. 13, pp. 727-28; Bailey v. Glover, 21 Wallace, 342.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

August 29, 1882, Thomas Jones, clerk of the Campbell County Court, and his sureties, Frank Schwearman and others, executed a bond to the Commonwealth of Kentucky, covenanting he would faithfully discharge all the duties of said office and pay over in due time to the proper persons any money received by him as clerk.

July 29, 1893, the Commonwealth instituted this action against Jones and his sureties, Katherine Schwearman, widow and sole devisee of Frank Schwearman, then deceased, being also made a defendant. In the petition it is alleged that during the period from September, 1883, to September, 1885, Jones as clerk had collected a stated amount of saloon license fees, which he failed to pay over or report to the auditor, or in any way account for, as by law it was his duty to do, and judgment therefor was asked.

The action, having by agreement of parties been transfer-

red to equity, was referred to the master commissioner, who, after taking proof, made a report of the amount of such fees received during the period mentioned by Jones as clerk which he had not accounted for to the Commonwealth. Thereupon the court, confirming that report, rendered judgment in favor of plaintiff for the sum of $1,950 against the defendants, including Katherine Schwearman, though it is to be enforced as to her only to the extent of assets received from the estate of her deceased husband. There was a further judgment for $800 against all the defendants except her, it appearing an order of the county court was made in June, 1885, releasing her husband from future liability on the bond.

As none of the other defendants have appealed, the inquiry is whether the judgment for the first named sum, so far as it affects Katherine Schwearman, is erroneous.

The first of the grounds relied on in argument for reversal is that a cause of action is not stated in the petition, which, as contended, ought to have contained an averment that the saloon licenses in question were granted by order of the Campbell County Court. The statute did, during the period referred to, and does now, by section 4203, Kentucky Statutes, provide in general terms that all licenses to sell by retail spirituous, vinous or malt liquors shall be granted by the county court, and in cases to which that provision applies the clerk thereof can not, without an order of court, legaly either issue a license or collect tax therefor.

It was accordingly held in Commonwealth v. Wilson, 7 Ky. Law Rep., 666, cited by counsel, that an indictment against a county clerk for misappropriating money received by him as tax upon a license to a merchant to retail liquor was defective in omitting a statement that the license was granted

by the county court. But exclusive authority to grant licenses to sell by retail liquor in an incorporated city or town is generally vested in the municipal government, and the exercise of such license then is not at all dependent upon an order of the county court. On the contrary, express provision is made by statute in such cases for collection by the clerk, independent of the county court, from the person licensed, the State tax prescribed in addition to the tax imposed for the benefit and collected by an officer of the city or town.

The particular condition in which it is provided the county court shall have exclusive jurisdiction to grant licenses to sell by retail liquor plainly apply to the country; or, in the language of the statute, "a neighborhood," and not to an incorporated city or town, when authority to grant or withhold coffee-house, or what is commonly understood, "saloon license," is conferred upon the municipal officer or officers thereof. It was not, therefore, necessary for plaintiff in this case to allege, nor could it have been truthfully alleged, that there had been an order of the Campbell County Court granting the licenses, taxes on which it is stated were collected and appropriated by Jones for his own use.

The plaintiff does not allege in terms the licenses in question were even granted by authority of the city of Newport, or any other city or town in Campbell county. But it seems to us that inasmuch as the statute conferred the right and imposed the duty upon the county court clerk to collect for the benefit of the Commonwealth the prescribed amount of tax on each coffee-house or saloon license granted by municipal authority, it may be fairly implied from the language of the petition licenses were granted in each case mentioned.

The next question is whether the statute of limitation can

avail the sureties in the bond, it being shown that more than seven years had elapsed after the collection and appropriation by Jones of the license taxes in question, or rather after June, 1885, when Frank Schwearman was released from liability, before the action was commenced. And that question involves the construction of the statute not heretofore made by this court.

Section 2551, Kentucky Statutes, is as follows: "A surety in any obligation or contract . . shall be discharged from all liability thereon when seven years shall have elapsed without suit thereon after cause of action accrued."

And it is qualified by section 2552, which provides that limitation of actions against sureties shall not apply to so much of the time elapsed when there was no executor, administrator or other person authorized to commence an action, nor to the six months during which an action can not be brought against a personal representative, nor to any delay assented to by the surety in writing, nor when the surety obstructs or hinders his being sued.

Section 2515 provides that an action for relief on the ground of fraud or mistake shall be commenced within five years next after the cause of action accrued. But it is qualified by section 2519 as follows: "In actions for relief for fraud or mistake, or damages for either, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake, but no such action shall be brought ten years after the making of the contract or perpetration of the fraud."

If the last quoted section applies in this case appellant is not released, because it fully appears that the fraud of Jones was not nor could, by reasonable diligence, have been discovered within ten years after the time of the perpetra-

tion of the fraud, if it was in the meaning of that section a fraud.

But we think the last two sections were not so intended nor can appropriately apply to an action on the official bond of a clerk or other public officer, for under section 2514 an action may be brought against a public officer for a breach of his official bond at any time within fifteen years after the cause of action first accrued, whether that cause consists of the fraudulent appropriation of public money to his own use, or defalcation or other breach resulting from mere misfortune or miscalculation. But if section 2519 be made to apply it would strangely result that the Commonwealth, while still retaining the right under section 2514 to bring an action against a public officer at any time within fifteen years after the breach of his bond, if it was not a fraudulent breach, an action for a breach, if fraudulent, could not, under the operation of section 2519, be brought against him ten years after the perpetration of the fraud. Another absurd and improper result would be that while the period within which the Commonwealth could maintain an action against a public officer for the fraudulent breach of his bond would be lessened by the operation of section 2519 to ten years, the period within which an action might be maintained for the same cause against his sureties, wholly innocent of the fraud, would be prolonged from seven to ten years. Certainly the legislature never intended these sections should be so construed and applied.

In our opinion the only conditions or acts which do stop running of the statute of limitation in favor of sureties are prescribed in section 2552.

The judgment is reversed for dismissal of the action against appellant.