THOMAS McCOLGAN AND WILLIAM T. JAMES v. THE TERRITORY OF OKLAHOMA AND OKLAHOMA COUNTY.

1. TERRITORY OF OKLAHOMA—*Suit on Bond*. The Territory of Oklahoma is a proper party plaintiff to bring an action on a forfeited recognizance.

2. SUIT BY INITIALS. Demurrer is not the proper method by which to object to a suit against a defendant by initials, instead of by his Christian name.

*Error from the District Court of Oklahoma County.*

Suit on forfeited recognizance. Judgment for the territory, from which defendants appeal. Affirmed.

*Amos Green & Son*, for plaintiffs in error.

*J. L. Brown, County Attorney*, for defendants in error.

The opinion of the court was delivered by

BIERER, J.: This action was brought in the name of the territory and Oklahoma county, as plaintiffs, against W. H. Carr, George Smith, Thomas McColgan and Wm. T. James, upon a forfeited recognizance, give by Carr as principal, and the other defendants as sureties, for the appearance of Carr before the district court of Oklahoma county, on a charge of aiding and abetting prisoners to escape from jail.

The errors assigned are to the decisions of the court in overruling the demurrers of the defendants. It is claimed that there was a misjoinder of the Territory of Oklahoma as a party plaintiff, and that the territory was

not a proper party plaintiff and had no capacity to sue in this cause; and that no judgment could be rendered for the territory because the money to be recovered on this judgment does not go to the territory, but to the county for the benefit of the school fund, and that therefore the county is the only proper party plaintiff.

The judgment was rendered in favor of the Territory of Oklahoma, the case being dropped as to Oklahoma county.

There was no error in overruling the demurrers. The code does not require that in all cases suits shall be brought in the name of the real party in interest.

General § 3898, § 26, of the chapter on civil procedure, provides:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in § 28; but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract."

General § 3900, § 28, of the code of civil procedure, provides that:

"An executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted."    *    *

Section 5503, under which the recognizance sued on was given, provides for such undertakings being made in the name of the territory, and the territory, we think, should be held to be a person, and therefore authorized to sue as one in whose name a contract is made for the benefit of another, within the meaning of this § 28.

The only other complaint is that the defendant James was sued by his initials, Wm. T. James. This suit was

brought against the defendant in the same name in which he signed the bond sued on, and in which he also filed his demurrer when he appeared in the action in the district court and made complaint because he was so sued. If the name is sufficient for him to do business in and to appear to an action in, it would seem that it ought to be a sufficient name, also, by which he might be sued. As a matter of law, however, it is a good practice to always sue parties in their Christian names, and parties ought ordinarily to be so sued where their Christian names are known. The presentation of a demurrer, however, is not the proper way to present the objection of a defendant to his being sued by his initials. (*Slocums & Collins v. McBride & Lord,* 17 Ohio Rep. 607).

Finding no error in the record, the judgment of the court is affirmed with costs.

All the Justices concurring.