CASE 4.—APPLICATION BY DAN PETRI TO THE COUNTY COURT OF CAMPBELL COUNTY FOR A RETAIL LIQUOR LICENSE IN HIGHLANDS DISTRICT.—February 9.

# Commonwealth v. Petri

Appeal from Campbell Circuit Court.

A. S. BERRY, Circuit Judge.

From a judgment of the Circuit Court reversing a judgment of the county refusing to grant the license the trustees of Highlands District appeal. Reversed.

1. Intoxicating Liquors—License—Authority to Grant—Acts 1871-72, p. 496, c. 976, section 11, giving the trustees of the District of Highlands, in Campbell county, authority to grant liquor licenses, was not impliedly repealed by Ky. Stat., 1903, section 4203, providing that liquor licenses shall be granted by County Courts.

2. Constitutional Law—Statutes—Granting of Special Privileges—Acts 1871-72, p. 496, c. 976, section 11, providing that no person except certain taverns shall sell liquor in the District of Highlands without a license from the district trustee, was not void as conferring special rights; the exception being to protect the owners of taverns operating under licenses then in force.

AUBREY BARBOUR for appellant.

CHARLES YOUNGBLUT, THOMAS L. MICHIE, N. B. HAYS, Attorney General, and C. H. MORRIS of counsel.

## PROPOSITION DISCUSSED.

The provision of section 11 of an Act, entitled "An Act to revise, amend and reduce into one the Acts pertaining to the District of Highlands, in Campbell county," approved March 28th, 1872 (Acts

Commonwealth v. Petri.

1871 to 1872, Vol. 2, p. 493), said provision being in words, as follows:

"In said district, no person without license from said board, except the taverns now existing on the Campbell turnpike road (the Alexandria road), may set up or engage in the business of retailing or making intoxicating liquors," is a valid law.

First—Said provision has not been repealed by the Constitution.

Second—Said provision has not been repealed by subsequent legislation.

### REFERENCES.

Constitution, sections 59, 60, 61; Kentucky Statutes, sections 4198, 4203; Act March 28th, 1872, concerning District of Highlands, Acts 1871 to 1872, Vol. 2, p. 493; Pierce v. Mason County, 99 Ky., 364; City of Covington v. District of Highlands, 24 R., 433; Stamper v. Commonwealth, 19 R., 1014; O'Mahoney v. Bullock, 98 Ky., 774; Schwearman v. Commonwealth, 99 Ky., 299; Adams v. Stephens, 88 Ky., 444; Commonwealth v. Helback, 19 R., 278; Koch v. Commonwealth, 27 R., 122.

RAMSEY WASHINGTON for appellee.

PHIL. J. RYAN of counsel.

### PROPOSITION AND CITATIONS.

1. That a portion of section 11 of the Act approved March 28th, 1872, entitled "An Act to revise, amend and reduce into one the Acts pertaining to the District of Highlands in Campbell county, has been repealed. (Acts 1872, Vol. 1, chapter 976; section 4203, Ky. Stat.; section 1 and 10, article 5, chapter 92, Acts 1886; 88 Ky., 443; 99 Ky., at p. 299; 101 Ky., p. 170.)

2. That said portion of said section 11 of the Act of 1872 is void, because it is unfair, partial and discriminates in favor of the taverns now existing on the Alexandria road. (Acts 1872, Vol. 1, chapter 976; section 1, article 14 of the Fed. Const.; section 3, Ky. Const.; 78 Ky., 533; 84 Ky., 306; 4 R., 876; 12 Bush, 110; 80 Ky., 608; 82 Ky., 579; 13 R., p. 520; Cooley's Const., Lim., 5th Ed., pages 483-484.)

OPINION BY JUDGE BARKER—Reversing.

In 1872 the General Assembly of the Common-

wealth of Kentucky passed an act entitled "An Act
to revise, amend and reduce into one the acts pertain-
ing to the District of Highlands, in Campbell county"
(Acts, 1871-72, Vol. 2, p. 493, c. 976). By this act it
is provided "that the district heretofore known as
the District of Highlands, in the county of Campbell,
is hereby continued as a body politic and corporate.
for the purposes hereinafter mentioned," etc. This
corporation, which may be denominated a taxing dis-
trict, has many of the powers and duties of a munici-
pality. Its government is invested in a board of seven
trustees, who are empowered to select corporate of-
ficers, appoint policemen and remove them at pleas-
ure, pass by-laws, rules, and regulations for the good
government and police of the district as they may see
proper, not inconsistent with the Constitution and
laws of the State, and may provide for their observ-
ance by adequate penalties, which may be enforced
before any justice of the peace for the district. Two
justices of the peace and one constable are to be
elected in the district by the legal resident voters
thereof. The district constitutes an election precinct
and a separate school district, and the board of trus-
tees are authorized to levy taxes for schools and other
corporate purposes, to build, maintain and operate
public roads, with the power of eminent domain. By
section 11 of this act (page 496) it is provided: "In
said district, no person without license from said
board (of trustees), except the taverns now existing
on the Campbell turnpike road (the Alexandria
road), may set up or engage in the business of retail-
ing or making intoxicating liquors, and the said board
are empowered to declare and prosecute as a nuisance
before a justice of the peace of said district, any estab-

lishment or business that compromises or imperils the health, comfort, or security of the district, and on the offense being proven, it shall be the duty of said justice to impose a fine of not less than ten ($10) nor more than fifty dollars ($50) and costs, for each offense. All fines thus levied, when collected, are to be paid into the State treasury.''

The appellant, Dan Petri, applied to the County Court of Campbell county for a license to retail liquor within the District of Highlands under the provision of section 4203 of the Kentucky Statutes of 1903, which is as follows: ''All licenses mentioned in this article except licenses to sell by retail spirituous, vinous or malt liquors, shall be granted by the county clerk; and license to sell by retail spirituous, vinous or malt liquors shall be granted by the County Court; but the County Court shall not grant a license to sell spirituous, vinous or malt liquors until ten days' notice shall be given by posting a written or printed notice at the door of the court-house, and at least at four public places in the neighborhood where the liquor is to be sold; and if the majority of the legal voters in the neighborhood shall protest against the application it shall be refused. The County Court in each instance shall determine what constitutes the neighborhood. Nor shall such license be granted to any person of bad character, or who does not keep an orderly, law-abiding house.'' The trustees of the district protested against the granting of the license upon the ground that the applicant had not kept theretofore an orderly house. The county judge, deeming the consent of the trustees of the district required by section 11 of the special act of incorporation a condition precedent to the granting of the

license by him under section 4203 of the Kentucky Statutes, refused to grant the license, declining to pass upon the question of whether or not the applicant had theretofore kept an orderly house. From this order an appeal was taken to the Campbell Circuit Court, and upon trial there it was held that the provisions of section 11 of the act incorporating the District of Highlands were repealed by section 4203 above quoted, and the case was reversed, directing the county judge to try the question of granting the license on its merits. From this judgment the trustees, using the name of the Commonwealth, have appealed.

In City of Covington v. District of Highlands of Campbell county, 113 Ky., 612; 24 R. 433; 68 S. W., 669, the question was presented whether or not the district had the power to tax the water company of Covington, which is situated therein. There the autonomy of the district was assailed on the ground that, not being a municipal corporation which could be classified under the Constitution, and having been created by special act of the General Assembly, the law creating it was repealed by the Constitution. This was the one question presented, and it is most elaborately discussed in the opinion written for the court by Judge O'Rear, in which it is pointed out that, while the district was created by special act of the Legislature, and while it is true that the Legislature is prohibited by the present Constitution from passing a special act incorporating any particular locality into a town or municipality, it by no means follows that acts for the purpose passed prior to the adoption of the present Constitution were repealed by that instrument. It would be a work of supererogation to

repeat the reasoning of the court in that case. It is sufficient to say that the opinion maintains and upholds the autonomy of the district as a quasi municipal corporation.

It is true that in the case cited the question as to whether or not section 11 of the special act was repealed by section 4203 of the Kentucky Statutes was not presented, and, consequently, not passed upon. Therefore, it is necessary for us to dispose of it here. There is no necessary conflict between section 4203 and the provision in the special act regarding the issuance of retail liquor licenses. The general law applies where the subject matter is not regulated by a different statute. In all the municipal corporations of the State there exists the exclusive right to grant retail liquor licenses. Within the corporate limits of these the county clerk merely collects the license tax. The right to grant the license is conferred upon the municipality. In the case of Schwearman v. Commonwealth, 99 Ky., 296; 18 R., 585; 38 S. W., 146, it is said: "But exclusive authority to grant licenses to sell by retail liquor in an incorporated city or town is generally vested in the municipal government, and the exercise of such license then is not at all dependent upon an order of the county court. On the contrary, express provision is made by statute in such cases for collection by the clerk, independent of the county court, from the person licensed, the State tax prescribed in addition to the tax imposed for the benefit and collected by an officer of the city or town. The particular condition in which it is provided the county court shall have exclusive jurisdiction to grant licenses to sell by retail liquor plainly applies to the country, or in the language of the statute, 'a neigh-

borhood,' and not to an incorporated city or town, when authority to grant or withhold coffee house, or what is commonly understood as 'saloon license,' is conferred upon the municipal officer or officers thereof" In Commonwealth v. Helback, 101 Ky., 167; 19 Ky. Law Rep., 278; 40 S. W., 245, the court stated the rule under consideration as follows: "To obtain the license to retail from the county court in towns having the authority to grant retail license, it is not necessary to make the application at a regular term of the county court; but it may be made and granted at a called term. Not so where the licenses are granted to parties outside the towns having an authority to grant license. Then the application must be made after notice at a regular term of the county court."

Special statutes are not repealed by general laws, unless the repugnancy between them is such that they both cannot operate within the same sphere. In the case of O'Mahoney v. Bullock, 97 K., 774; 17 Ky. Law Rep., 523; 31 S. W., 878, it is said: "While the framers of the Constitution evinced their hostility so to speak, toward local and special legislation, and authorized the passage only of general laws, we do not understand that the general rule of construction, by which one act may be construed to repeal another, has in any wise been changed. Among these well-settled rules are these: That a general statute will not, by mere implication, repeal a former one which is special or local; that, moreover, there must be such a repugnancy between the provisions of the acts that they cannot stand together or be consistently reconciled. This rule applies when both statutes are of a general nature, and the presumption against repeal is strengthened when the one act is local or special and

the other general.'' In the case of Murphy v. City of Louisville, 114 Ky., 765; 24 Ky. Law Rep., 1574; 71 S. W., 934, the question of repeal by implication of a local by a general act was most thoroughly considered. The court, through Judge Paynter, said: ''In construing an act, the important thing is the ascertainment of the intention of the Legislature. To do this, we must consider the title of the act, its context, and the purpose of its enactment. It is well to bear in mind that the universal rule is that repeals by implication are not favored, and, further, that when one act is local, in its nature or application, or relates to particular places, or persons, and the other a general one, they will both be upheld, and considered as forming one consistent whole. It is said in Cope v. Cope, 137 U. S., 686; 11 Sup. Ct., 223; 34 L. Ed., 832, that 'nothing is better settled than that repeals (and the same may be said of annulments) by implication are not favored by the courts, and that no statute will be construed as repealing a prior one unless so clearly repugnant thereto as to admit of no other reasonable construction.' The same rule was recognized in McChord v. L. & N., 183 U. S., 483; 22 Sup. Ct., 165; 46 L. Ed., 289.''

The necessity for conferring upon the district the power of assessing property and levying and collecting taxes, the power to pass and enforce by-laws for the safety and good government of its inhabitants, and to do and perform other important public functions usually conferred upon municipal corporations, a fortiori existed for conferring upon it the power to regulate and control the sale of liquor by retail within its borders. This proposition is so plain that it needs only to be stated. This right, which seems to be intended as a mere veto power, is plainly grant-

ed in the act creating the district. The act, although special in its nature, as we have seen, was not repealed by the provisions of the Constitution, and if the principle against repeal by implication, announced and enforced in Murphy v. City of Louisville, is to be upheld, then the power to regulate the sale of liquor within the district is not repealed by section 4203, Ky. Stats., 1903.

The position of appellant, that section 11 is void because it seems to discriminate in favor of and to confer special rights upon the owners of the taverns on the Campbell turnpike road, is untenable. This exception was placed in the act merely to protect the rights of the owners of those taverns which were being operated under license at the time the act was passed. The object was to prevent a forfeiture of the licenses then in existence. The exception could only operate until the annual license expired, and it has had no force or effect since the expiration of one year from the date of the approval of the act in 1872.

The judgment is reversed, for proceedings consistent with this opinion.