## STATE v. RADER *et al.*

No. 1946.    Opinion Filed July 23, 1912.

(125 Pac. 726.)

SHERIFFS AND CONSTABLES—Action on Bond—Parties. The state is a proper party plaintiff in an action upon the official bond of a sheriff to recover the penalties prescribed by sections 3371, 3372, and 3373, Comp. Laws 1909.

(Syllabus by the Court.)

*Error from District Court, Ellis County;*
*G. A. Brown, Judge.*

Action by the State against Geo. M. Rader and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*C. B. Leedy,* for the State.

*S. A. Miller,* for defendants in error.

KANE, J. This was an action, commenced by the plaintiff in error, plaintiff below, against the defendant in error, George M. Rader, as sheriff of Ellis county, and his bondsmen, to recover penalties accruing to the county by reason of alleged violations of sections 3371, 3372, and 3373, Comp. Laws 1909. A demurrer was sustained to the petition of the plaintiff, upon the ground that the action was not commenced in the name of the county. This was error. Section 3373 provides that:

"Any sheriff who shall fail to make to the board of county commissioners a quarterly report under oath as herein required, shall forfeit to the county twenty-five dollars for each day that he shall willfully fail to do so, to be recovered from him or his bondsmen as in other cases."

Sections 1747 and 1748, Comp. Laws 1909, provide that the sheriff shall execute bond to the state of Oklahoma, and prescribe the conditions of the same.

The contention of counsel for defendants in error is that, inasmuch as the county is the real party in interest, it, and not the

state, must prosecute the action, notwithstanding the bond runs to the state. This exact question was passed upon by the Supreme Court of the territory in *McClogan et al. v. Territory of Oklahoma et al.,* 5 Okla. 567, 49 Pac. 1018. That was an action on a forfeited recognizance. Objection was made to the same being prosecuted in the name of the territory because the statute provides that the money recovered would not go to the territory, but to the county for the benefit of the school fund. Mr. Justice Bierer, who delivered the opinion of the court in that case, said:

"Gen. St. sec. 3898, section 26 of the chapter on civil procedure [section 5558, Comp. Laws 1909], provides 'every action must be prosecuted in the name of the real party in interest except as otherwise provided in section 28; but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract.' Gen. St. section 3900, section 28 of the Code of Civil Procedure [section 5560, Comp. Laws 1909], provides that: 'An executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted.' Section 5503, under which the recognizance sued on was given, provides for such undertakings being made in the name of the territory, and the territory, we think, should be held to be a person, and therefore authorized to sue as one in whose name a contract is made for the benefit of another, within the meaning of this section 28."

The judgment of the court below must be reversed and the cause remanded, with directions to proceed in conformity with this opinion.

TURNER, C. J., and HAYES, WILLIAMS, and DUNN, JJ,. concur.