## FREAR et al. v. STATE ex rel. CALDWELL et al.

No. 7946. Opinion Filed Oct. 21, 1919.

(Syllabus by the Court.)

**1. Judges—Accounting—Action—Parties.**

"State ex rel. County Attorney" is a proper party plaintiff in an action upon the official bond of a county judge, to recover the unearned portion of deposits received by him in civil and probate cases, which have not been properly accounted for by him.

**2. Reference — When Authorized — Consent of Parties.**

Under the provisions of sections 5018 and 5019 of Rev. Laws of 1910, the court has authority in proper cases, to make an order of reference, referring said case to a referee without the consent of the parties, or may do so over the objections of one or all of said parties.

**3. Same—New Trial—Report of Referee—Judgment.**

Where a motion for new trial is sustained and the report of the referee is entirely set aside, the effect of the order is to grant a new trial, and it is erroneous for the court to make his findings of fact and render judgment thereon, until the case is resubmitted to him.

**4. Pleading—Motion to Make Definite—Discretion of Court.**

A motion to make more definite and certain is addressed largely to the discretion of the court; and the ruling thereon will not be reversed, except for the abuse of such discretion that results prejudicially to the complaining party.

**5. Limitation of Actions—Action on Bond.**

Section 4657 of Rev. Laws 1910 provides that an action upon an official bond may be brought within five years after the cause of action shall have accrued. Where neither the petition nor the evidence discloses that the cause of action accrued more than five years prior to the filing of the petition, it is not error to overrule the plea of the statute of limitation.

Error from District Court, Craig County; Preston S. Davis, Judge.

Action by the state on the relation of C. Caldwell, county attorney, and another against Theo. D. B. Frear and another. From judgment for plaintiffs, the defendants bring error. Reversed and remanded with directions.

Theo. D. B. Frear and O. L. Rider, for plaintiffs in error.

Willard H. Voyles, for defendants in error.

McNEILL, J. This action was commenced on the 12th day of March, 1912, by the state of Oklahoma on relation of C. Caldwell, county attorney of Craig county, and James F. McCullough, clerk of the county court of Craig county, against Theo. D. B. Frear and Southern Surety Company, to recover the sum of $1,784.66 claimed to be the unearned balance due from costs deposited in certain civil and probate cases in the county court of Craig county, Oklahoma.

Parties are referred to as they appeared in the trial court.

The petition charges the defendant, Frear, was county judge of Craig county from the 16th day of November, 1907, until the 9th day of January, 1911; that he made and executed a bond to the state of Oklahoma with the Southern Surety Company as surety in the sum of five thousand dollars conditioned upon the faithful performance of the duties of his office as provided by law. That while county judge he received certain deposits in civil and probate cases and had failed to turn the unearned portion of the same over to his successor, but had converted the same to his own use.

The trial court made an order of reference and referred the case to J. Howard Langley, who heard the testimony and reported the same with his findings of fact to the court. The report of the referee was in effect a finding in favor of the defendants. The plaintiffs and defendants both filed objections and exceptions to the report of the referee and the plaintiffs filed a motion for a new trial. The trial court set aside the findings of fact as reported by the referee, and made his own findings, upon which the court rendered judgment against the defendants in the sum of $383.36 from which judgment the defendants appealed.

It is first contended by the defendants that there is a defect of parties, that the "State of Oklahoma ex rel. County Attorney of Craig County and the Clerk of the County Court" are not proper parties plaintiffs and have no authority to maintain this action.

Section 4681 of Rev. Laws 1910 provides:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this article."

Section 4683, Rev. Laws 1910, provides:

"An executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted. Officers may sue and be sued in such name as is authorized by law, and official bonds may be sued upon the same way."

This court, in the case of State v. Rader, 33 Okla. 350, 125 Pac. 726, held, in substance, where an official bond was executed to the state, as required by law, although the money sought to be recovered does not go to the state, but to the county, the State ex rel. County Attorney was the proper party to bring said action, following the case of McCluggon v. Territory, 5 Okla. 567, 49 Pac. 1018.

It is further contended that the fees to be recovered belong to the individual who had deposited the same, and neither the state nor the county had any interest therein, but with this we cannot agree. Section 3246, Rev. Laws 1910, provides as follows:

"It shall be the duty of the clerk of the court of justice, receiving any costs belonging to any other person, to hold the same, subject to the order of the person entitled thereto, and to pay the same over on request; and if such fees shall not be called for within one year after having been received, the officer shall pay the same into the county treasury, and take a receipt therefor."

At the time the county judge in this instance was receiving deposits in the different cases, he was acting as his own clerk and it

became his duty if said unearned portion of the deposits were not called for by the parties when the cases were settled or within one year after they became entitled to the same, to pay the same to the county treasurer.

The deposits received are protected by the bond, and the bond running to the state, the county attorney on behalf of the state was the proper person to maintain said action, although the money recovered, if any, would go to the county, for the use and benefit of the people who had deposited the same, and the court did not commit error by so holding.

The second contention of the defendants is that the court erred in referring said case and appointing a referee without the consent of the parties and over the objection of the defendants. Section 5018, Rev. Laws 1910, provides as follows:

"All or any of the issues in the action, whether of fact or of law, or both, may be referred upon the written consent of the parties or upon their oral consent in court, entered upon the journal."

Section 5019 in part provides:

"When the parties do not consent, the court may, upon the application of either, or of its own motion, direct a reference in either of the following cases:"

This court has held that it was not error to refer a proper case to a referee even over the objection of the parties to the suit. Hale v. Marshall, 52 Okla. 688, 153 Pac. 167; Conway v. Horner, 10 Okla. 277; Vantres v. Territory, 7 Okla. 553.

The petition shows on its face that the action required the examination of the records of the county judge, covering a period of four years, and items of numerous cases, which made this a proper cause for reference.

The third assignment of error is that the court erred in setting aside the findings of fact made by the referee and making findings of its own, upon which he rendered judgment. In this the court committed error. The findings of fact of the referee have the force and effect of a special verdict of a jury. If the court refuses to approve the findings of fact made by the referee, he may set the same aside, and when he does, it has the same effect as if he set aside a special verdict of a jury. He grants a new trial. Such is the holding of this court in James v. Coleman, 64 Oklahoma, 166 Pac. 210, wherein the court stated as follows:

"Where a motion for a new trial is sustained and the report of the referee entirely set aside, the effect of an order is to grant a new trial, and it is erroneous for the court to make other findings of fact and render judgment thereon."

To the same effect is the holding of the court in the case of Hale v. Marshall, supra. The findings of fact of the referee were findings for the defendant. The court set their findings of fact aside, and made a finding of his own and found for the plaintiffs for the amount of the judgment. This was error. When he set aside the findings of fact, he granted a new trial and could not render judgment, until the cause was resubmitted.

The defendants next contended that the court erred in overruling the motion to make the petition more definite and certain. The rule adopted by this court on the overruling of a motion to make more definite and certain is as follows:

"A motion to make more definite and certain is addressed largely to the discretion of the court; and the ruling thereon will not be reversed, except for the abuse of such discretion that results prejudicially to the complaining party." City of Chickasha v. Looney, 36 Okla. 155, 128 Pac. 136.

The petition in the case at bar set out each particular case in which it is claimed that there was a balance of the deposits, collected by the judge, unearned, and unaccounted for, and the amount of the same. This was sufficient to advise the defendants of the nature of the action and the items involved.

It is next contended that the court erred in not holding that the cause of action was barred by the statute of limitations. The petition does not disclose nor does the evidence disclose that any of the items became due and payable five years prior to the commencement of this action. Therefore, the action was not barred by the statute of limitations. For the reason stated the judgment of the district court will be reversed and remanded to grant the defendants a new trial in accordance with the views herein expressed.

OWEN, C. J., and PITCHFORD, HIGGINS, and BAILEY, JJ., concur.