ARNOLD et al. v. BOARD OF COUNTY COM'RS, CREEK CO.

No. 16832—Opinion Filed June 15, 1926.

Rehearing Denied March 8, 1927

1. **Appeal and Error—Necessity for Urging Objections in Motion for New Trial.**

Objections which were not raised and presented in a motion for new trial will not be considered on appeal, and such objections will be deemed to have been waived by the party seeking to take advantage of them.

2. **Same—When Errors in Ruling on Motions in Limine not Presented in Motion for New Trial.**

The allegation in a motion for new trial that the judgment is not sustained by the evidence and is contrary to law does not present to the trial court errors in overruling motion to make more definite and certain and to separately state and number the causes of action, where the petition states one or more causes; nor does the averment "error of law occurring at the trial and excepted to by defendant" present same, since such errors occurred in limine.

3. **Limitation of Actions—Action on Official Bond of Court Clerk Within Five Years.**

Section 185, C. O. S. 1921, providing that

an action upon an official bond can only be brought within five years after the cause of action shall have accrued, is the applicable statute of limitations in an action by a county on the official bond of the court clerk required and given pursuant to section 864, Id., before entering upon the duties of his office. Where neither the petition nor the evidence discloses that the cause of action did not accrue more than five years prior to the filing of the petition, it is not error to overrule the plea of the statute of limitations.

4. **Clerks of Courts—County Proper Party in Action on Official Bond of Court Clerk.**

The board of county commissioners is a proper party plaintiff in an action upon an official bond of a court clerk, to recover unearned portions of deposits and the proceeds of judgments and other items received by a court clerk in his official capacity, which have not been accounted for by him as by law provided.

5. **Evidence—Report of State Examiner and Inspector as Primary Evidence.**

The state examiner and inspector is a constitutional officer and as such is one of the officials constituting the executive authority of this state. His official written report, made on examination of the books and accounts of a court clerk, when filed with the county clerk. is competent as primary evidence in any court, on material issues, subject to explanation and impeachment. His mere conclusions, not based on his official record, are incompetent.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; W. L. Eagleton, Assigned Judge.

The Board of County Commissioners of Creek County had judgment against Harrison Arnold, as principal. and Maryland Casualty Company. as surety, on two official bonds of Arnold, as court clerk. Defendants appeal. Affirmed.

Ross & Thurman and Thompson & Smith, for plaintiffs in error.

W. F. Pardoe, Leroy J. Burt, Grady Lewis, and Charles Steele, for defendant in error.

Opinion by ESTES, C. The board of county commissioners of Creek county had judgment against Harrison Arnold, as principal, and Maryland Casualty Company, a corporation. as surety. on two official bonds of Arnold as court clerk, for $4 246 and interest. Parties will be referred to as they thus appeared in the trial court. Defendant's appeal.

1, 2. The first complaint is error of the

trial court in overruling the separate motions of defendants to require plaintiff to separately state and number its causes of action, and to make plaintiff's petition more definite and certain. The rulings on these motions were made about a year prior to the trial. In their motions for new trial, only two grounds are laid, which in any manner relate to these alleged errors. The first is "error of law occurring at the trial and excepted to by this defendant." It is sufficient to say that error of the court in overruling said motions did not occur at the trial, but in limine, and, clearly, said specification did not present such questions to the trial court. Defendants' motion for new trial also alleged "error of the court in rendering judgment against this defendant, because the same is not sustained by the evidence, and is contrary to law." This did not present such errors. If the judgment was not sustained by the evidence, matters occurring at the trial—not in limine—were involved. If the judgment was contrary to the law, the sufficiency of the petition to state or support a cause of action might become involved, but a motion to make the same more definite and certain, if it states a cause of action, would, in no event, be involved. The motions to make more definite and certain and to separately state and number, were simply applications addressed to the court for orders. After the ruling on the motions of defendants, they filed demurrers, which were overruled, but no error is predicated on this action of the court. While the petition alleged simply the total amount received by defendant Arnold as court clerk, and the amount he accounted for and paid to the county treasurer of Creek county, alleging that it was his duty to pay to his successor in office the stated difference, we cannot say that the petition did not state a cause of action. By no means do we approve such pleading as to form. However, we cannot review alleged errors of the court in overruling such motions of defendants, because they were not called to the attention of the court and presented by motion for new trial. Objections which were not raised and presented in a motion for new trial will not be considered on appeal, and such objections will be deemed to have been waived by the party seeking to take advantage of them. Johnson et al. v. Alexander, 66 Okla. 128, 167 Pac. 989. We do not think this a harsh rule. It had been a simple matter specifically to aver such errors in the motion for new trial, in order to afford the trial court an opportunity to correct the same. So far as this appeal is con-

cerned, said errors were not presented to the trial court in motion for new trial.

3. One bond covered Arnold's first term of office from January, 1917, to January, 1919; the other from January, 1919, to January, 1921. This action was filed on September 21, 1922. Defendants claim that their liability is created by statute, and that therefore the action is barred under the second subdivision of section 185, C. O. S. 1921, providing that an action upon a contract, express or implied, not in writing, and an action upon a liability created by statute, other than a forfeiture or a penalty, can only be brought within three years. The bonds sued upon herein were conditioned that the said Arnold

"shall render an account of his office and of the doings therein to the proper authorities when required thereby or by law, and shall promptly pay over to the person or officer entitled thereto, all money which may come into his hands by virtue of his said office, and shall faithfully account for the balance of all moneys remaining in his hands at the termination of his office: and shall hereafter exercise all reasonable diligence and care in the preservation and lawful disposal of all money, * * * and shall deliver them to his successor or to any person authorized to receive the same," etc.

The fifth subdivision of section 185, supra, is:

"An action upon the official bond or undertaking of an executor, administrator, guardian, sheriff, or any other officer, * * * or in any case whatever required by statute, can only be brought within five years after the cause of action shall have accrued."

Under Frear et al. v. State ex rel., 76 Okla. 213, 184 Pac. 771, this five-year statute is applicable in the instant case. The fifth paragraph of the syllabus is:

"Section 4657 of Revised Laws of 1910, provides that an action upon an official bond may be brought within five years after the cause of action shall have accrued. Where neither the petition nor the evidence discloses that the cause of action accrued more than five years prior to the filing of the petition, it is not error to overrule the plea of the statute of limitations."

In the opinion it is said:

"It is next contended that the court erred in not holding that the cause of action was barred by the statute of limitations. The petition does not disclose, nor does the evidence disclose, that any of the items became due and payable five years prior to the commencement of this action. Therefore, the action was not barred by the statute of limitations."

We are not unmindful, as contended by defendants, that there is much and respectable authority, notably Kansas, holding that such bond is not a contract in the strict sense of the term; that it is a sort of vicarious undertaking—a collateral security for the faithful performance of official duty; that the liability even on such official bond is one created by statute, and would come within the second subdivision of section 185, the three-year statute of limitation; that the wrong or delict of the principal or officer is the basis of the cause of action, and not the bond; that the bond is simply security and since the delict, the failure to pay and account, would be barred in three years, the right to maintain the action therefor upon the bond, which simply operates as a security for the thing, must necessarily be barred; that because the principal debt or cause of action has failed and is barred, the security must also fail and be barred. It is unnecessary to examine the question further from the legal or academic standpoint. It is sufficient to observe that this court bases its holding upon the clear language of said fifth subdivision, supra, the five-year statute of limitation applicable in an action upon the official bond of any officer, and the plain language of the bond, the rule in other jurisdictions to the contrary notwithstanding. In support of this position, and for an analysis of the bases of actions on official bonds, see Harris v. Black (Ga.) 85 S. E. 742. See, also, Slaton v. Morrison (Ga.) 87 S. E. 390; Miller Co. v. Bush, 28 Ga. App. 130; Morrison v. Fid. & Dep. Co. of Md. (Ga.) 102 S. E. 354. Bantley v. Baker et al. (Neb.) 84 N. W. 603; Schearman v. Com. (Ky.) 38 S. W. 146. There was an implied promise on the part of Arnold, when he accepted the office of court clerk, that he would, as the statute requires, account for and pay over to his successor, or to the county treasurer, or to persons entitled thereto, as provided by law, all public funds coming into his hands as such court clerk. If the state had not required a bond with sufficient sureties, we take it that Arnold's had been a liability created by statute or for breach of such implied promise and of his statutory duty. The Legislature did not deem it wise in the interest of the public service to permit this responsibility of Arnold to rest on such insecure foundation. Wherefore, by section 864, Id., it is provided that before entering upon the duties of his office, the court clerk shall give bond to the state of Oklahoma (a minimum and maximum), to be approved by the county commissioners, conditioned for the faithful performance of his official duties, and for the accounting and paying over all moneys by him received as such officer, and specifically provided five years as the limitation applicable to actions on such official bonds. It does not appear from the petition or the evidence that the cause of action accrued more than five years prior to the filing of this suit. Clearly, plaintiff had two causes of action on the two bonds, but any error in failing to separately state and number same was waived so as aforesaid.

4. It is next contended that the board of county commissioners is not the real party in interest, except as to such funds as actually belong to the county and not accounted for by Arnold; that as to certain items, such as unearned fees or costs, and others unaccounted for by Arnold, the county is not the real party in interest, because such items do not belong to the county. This contention is made under the statute providing that every action shall be prosecuted in the name of the real party in interest. This question must be resolved against defendants under section 211, Id., as follows:

"An executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted. Officers may sue and be sued in such name as is authorized by law, and official bonds may be sued upon in the same way"

—as construed in Frear et al. v. State ex rel., supra. At the time involved in that case, the county judge acted as his own clerk and received all costs deposits. It became his duty, if unearned portions of the deposits were not called for by the parties to whom they belonged when the cases were settled, or within one year thereafter, to pay the same to the county treasurer. There, the same contention was made as here. This court held that the deposits received by the county judge were protected by his official bond running to the state, and that the county attorney, on behalf of the state, was the proper person to maintain the action against him, although the money, if recovered, would go to the county for the use and benefit of the people who had deposited the same. In the instant case, the Guaranty Bank of Drumright was permitted to intervene and make claim for some $912, being the amount of a judgment which that bank had recovered in the superior court at Drumright in Creek county, of which Arnold was ex officio clerk, it being shown that Arnold, by his deputies, had received payment of the judgment, and had failed to account for

and pay same to the bank. It is contended that the bank was not a necessary or proper party. Said bank was not a necessary party. This item was included in the judgment which the trial court rendered in favor of the board of county commissioners. The court in the Frear Case refers to State v. Rader, 33 Okla. 350, 125 Pac. 726, holding, in substance, that where an official bond is executed to the state, as required by law, although the money sought to be recovered does not go to the state but to the county, the "State ex rel. County Attorney" was the proper party to bring the action. Likewise here, although the payment of said judgment did not go to the county, the board of county commissioners was the proper party to bring the action, on the theory, under said section 211, supra, that the county was authorized to bring the action for the benefit of the bank, and that this default of Arnold was expressly covered by the official bond of Arnold, providing that he should promptly pay over to the person or officer entitled thereto, all money which might come into his hands by virtue of his office. Since Arnold did not pay this item to the bank, he was bound by the law to pay same to his successor in office, and both Arnold and his surety became expressly liable therefor on the official bonds for his failure to so pay. This item, when collected, will be paid to the bank by the county through the court clerk as the law provides. It follows that defendants were not prejudiced by the intervention in this case by said bank.

5. The county clerk of Creek county identified the record of the State Examiner and Inspector, on file in the office of the county clerk, and the same was introduced in evidence over the objection of defendants, from which report the court determined the different items constituting the alleged shortage of the court clerk, Arnold. Defendants insist that the admission of this document was in contravention of the best evidence rule—that plaintiff should have shown the alleged shortage by the books and records in the office of the court clerk and the county treasurer, as the primary and best evidence. The Criminal Court of Appeals of this state, in Hays v. State, 22 Okla. Cr. 99, 210 Pac. 728, in paragraph 5, holds:

"Under the provisions of section 5115, Rev. Laws 1910, the official reports and records of the State Examiner and Inspector, in so far as they pertain to the issues involved, may be introduced as primary evidence, subject to explanation or impeach-

ment. Mere conclusions of such officer, not based on his official record, are inadmissible."

It is insisted that such holding is judicial dictum in that case. However that may be, the rule that such report may become primary evidence, subject to the exceptions there noted, is sound and decisive against the defendants herein. We take it that the examination of Arnold's accounts was done, as provided by law, at the instance of the board of county commissioners of Creek county, such report being properly filed with the county clerk. The State Examiner and Inspector is a constitutional officer, and as such is one of the officials constituting the executive authority of this state. Numerous and important duties in connection with the fiscal affairs of this state are imposed upon him by the Constitution and statutes. That officer is armed under the law with facilities for ascertaining the facts in his examination of the books and accounts of officers. Under the statutes "the books and records required by law to be kept by any county clerk * * * or other public officer, may be received in evidence in any court." The reports of the State Examiner and Inspector made on examination of the books and accounts of county officers, when filed with the county clerk, are required by him to be kept, and, under said statute, may be received in evidence in any court. As stated in the Hayes Case, the average jury would be lost in a maze of complicated facts and figures from which they might not make correct deductions. The State Examiner and Inspector, being disinterested, skilled in accountancy, and having facilities for arriving at correct results, his reports should be received as primary evidence for what they are worth. Of course, the correctness of his deductions may be challenged on cross-examination, or by direct evidence to the contrary. We see no injustice in this rule. The books and accounts of Arnold as court clerk, and those of the county treasurer of Creek county, being public records, were available to defendants herein, to countervail, explain, contradict, and impeach said report. Nor were defendants circumscribed or limited in any manner in the production of direct evidence otherwise, to impeach, explain, or otherwise overcome said report. While the report in the instant case contains certain conclusions of the Examiner and Inspector, not based on his official report, we do not find that such conclusions were prejudicial, the report being sufficient, notwithstanding

such conclusions, to sustain the findings and judgment of the court.

Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 972 §867; 2 R. C. L. p. 98; 1 R. C. L. Supp. p. 395; 4 R. C. L. Supp. p. 80; 5 R. C. L. p. 70. (2) 29 Cyc. p. 944. (3) 37 C. J. p. 753 §80. (4) 11 C. J. p. 905 §118. (5) 22 C. J. p. 805 §915.