## JACKSON v. BOARD OF COM'RS OF MUSKOGEE COUNTY.

No. 18287. Opinion Filed Sept. 18, 1928.

Rehearing Denied Dec. 4, 1928.

Robert E. Jackson, in pro. per.

S. H. Lattimore, Co. Atty., for defendant in error.

RILEY, J. Robert E. Jackson, as plaintiff below, brought this action on contract against the board of county commissioners of Muskogee county, and alleged that as an attorney he had represented the said board in certain tax matters pending in the federal court, wherein a recovery of delinquent taxes was secured in the sum of $21,905.45, for the benefit of said board, and that, as provided by said contract and agreement, plaintiff's compensation was to be contingent and reasonable; that 15 per cent. of the amount of recovery was reasonable, for which amount plaintiff sued. Particularizing as to the contract upon which his action was based, plaintiff alleged that the defendant board, "acting through its duly authorized chairman, W. T. Cole, in his usual way, without resolution, or other official action by said board, duly empowered plaintiff, verbally, to appear and represent said board and county, as attorney, in said litigation. * * *"

It was not alleged that the board at any time officially authorized or ratified the employment of plaintiff; in fact, as above set out, the contrary affirmatively appears.

A demurrer was sustained to plaintiff's petition, and when plaintiff elected to stand thereon, the trial court entered judgment dismissing plaintiff's petition.

In Board of Commissioners of Tulsa County v. Tulsa Camera Record Co., 103 Okla. 35, 228 Pac. 1103, this court held that one who demanded payment of a claim against a county must show some statute authorizing it, or that the claim arose from contract expressed or implied and authorized by law, and that it was not sufficient that services performed from which the claim arose were beneficial.

Therein it was also held that the board of commissioners is the constituted agency to contract for and bind the county within the scope of their authority; that such commissioners do not act in their individual capacities, singularly or collectively, but as a duly assembled body, as an entity, and in the manner provided by law.

That decision settles the controversy presented. See, also, Board of Commissioners v. News-Dispatch Printing & Audit Co., 122 Okla. 107, 251 Pac. 607; Butler v. Board of Com'rs of Delaware County, 57 Okla. 748, 157 Pac. 912; In re Town of Afton, 43 Okla. 720, 144 Pac. 184.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, CLARK, and HEFNER, JJ., concur.