## SIMMONS v. BOARD OF COUNTY COM'RS OF OSAGE COUNTY.

No. 23837.   March 24, 1936.

Rehearing Denied April 21, 1936.

R. E. Havens, for plaintiff in error.

C. K. Templeton, County Atty., and Leander Hall, Asst. County Atty., for defendant in error.

RILEY, J.   Plaintiff below, plaintiff in error, sought judgment in the sum of $2,822.24 against the board of county commissioners of Osage county. The plaintiff was assignee of former litigants who had right in the past to claim and recover from the court clerk of Osage county unused balances of cost deposits under section 1061, O. S. 1931:

"It shall be the duty of the clerk of the court or justice, receiving any costs belonging to any other person, to hold same, subject to the order of the person entitled thereto and to pay the same over on request; and if such fees shall not be called for within one year after having been received, the officer shall pay the same into the county treasury, and take a receipt therefor." S. L. 1897, ch. 15, sec. 59; note section 7728, O. S. 1931, consolidating such offices.

Judgment was rendered in favor of plain-

tiff in the sum of $76.05 the same being for unearned cost deposits paid over by the court clerk to the county treasurer March 10, 1930, and within one year of the date of commencement of this action, to wit. December 9, 1931. As to this, there is no cross-appeal.

Judgment was rendered for defendant as to the balance under the view that the three-year statute of limitations provided in subdivision 2 of section 101, O. S. 1931. applied. The plaintiff appeals, urges this feature of the judgment as error, cites Frear et al. v. State ex rel., etc., 76 Okla. 213, 184 P. 771, and contends the funds are in trust "for the use and benefit of the people who deposited the same." Arnold et al. v. Board of County Com'rs, Creek County, 124 Okla. 42, 254 P. 31; Shackleford v. Pool, 156 Okla. 127. 9 P. (2d) 756.

It is our view that the court clerk was neither trustee nor bailee of the funds from and after the deposit of the unclaimed cost with the county treasurer as required by statute (but see Purcell Bank & Trust Co. of Purcell et al. v. Byars, 66 Okla. 70, 167 P. 216, as to conversion of funds in custody of clerk held pending finality of action). The county treasurer rightfully received these funds and they have long since been expended for governmental purposes. The plaintiff is barred from recovery by failure to show any statute or decision authorizing recovery at this late date. Jackson v. Board of Com'rs of Muskogee County, 133 Okla. 263 271 P. 1041.

Judgment affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY and PHELPS, JJ., concur.