## TIPTON v. HARTFORD ACCIDENT & INDEMNITY CO.

### Civ. No. 4796.

United States District Court
W. D. Oklahoma.

Sept. 19, 1950.

J. D. Chastain and A. L. Beckett, Oklahoma City, Okl., for plaintiff.

Edgar Fenton (of Fenton, Fenton & Thompson), Oklahoma City, Okl., for defendant.

VAUGHT, Chief Judge.

This is an action to recover damages on an official bond. The complaint alleges that one Ralph A. Tennison was the duly elected sheriff of Garfield County, Oklahoma, from January 6, 1947 until January 3, 1949, and that the defendant corporation was his bondsman, as required by law, for his term of office. The condition of the bond was as follows: "Now, therefore, the condition of the above obligation is such, that if the above bounden Ralph A. Tennison shall, * * *, faithfully and truly perform all the duties of his office and shall pay over and account for all funds coming into his hands by virtue of his said office of Sheriff, County of Garfield, State of Oklahoma, as required by law, then this obligation to be void, otherwise to be and remain in full force and virtue."

On April 21, 1947, the plaintiff became a prisoner in the jail over which said sheriff had charge and custody, upon a charge of public drunkenness, being intoxicated to such a degree that he was irresponsible and irrational, and was so known to be by the jailer and the employees of said sheriff,

who were then in actual charge of said jail and who took the plaintiff into custody.

It is further alleged that the sheriff violated the conditions of his bond in that he failed to perform faithfully and truly the duties of his office, which he owed the plaintiff under the law, in the following particulars. The plaintiff was placed in the "run-around," an open space surrounding the outside of the cells on the fifth floor of the building, along with other prisoners charged with various offenses. There was a metal chute extending from the run-around on the fifth floor of said building and ending on the concrete floor of the basement thereof, ordinarily used for the purpose of casting down trash, waste and garbage. Such chute was large enough to permit the passage of a human body and the opening thereto was not properly fastened, as was well known to the sheriff. On said 21st day of April, 1947, while so confined, the plaintiff either was forced into said chute or fell into it and as a result sustained serious injuries. All of which it is contended was due to the negligence of the sheriff in failing to perform his duties. Plaintiff seeks judgment against the defendant for the sum of $10,-000, the amount of the bond.

The defendant filed its answer and, among other defenses, contends that the alleged action occurred more than three years before the commencement of the action and therefore is barred by the statute of limitations of the State of Oklahoma.

It is alleged the injury occurred April 12, 1947, and the complaint was filed May 3, 1950. Thus, if the three-year statute applies, the cause of action is barred by the statute.

The pertinent portion of the statute of limitations of the State of Oklahoma, 12 Okl.Stat.Ann. § 95, reads:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

"First. Within five years: An action upon any contract, agreement or promise in writing.

"Second. Within three years: An action upon a contract express or implied not in writing; an action *upon a liability created by statute* other than a forfeiture or penalty.

"Third. Within two years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action *for injury to the rights of another,* not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

\* \* \* \* \* \*

"Fifth. An action upon the official bond or undertaking of an executor, administrator, guardian, *sheriff,* or any other officer, or upon the bond or undertaking given in attachment, injunction, arrest or in any case whatever required by the statute, can only be brought within five years after the cause of action shall have accrued." (Emphasis supplied.)

The courts have become somewhat confused in their decisions concerning the fifth subdivision of the statute. There can be no doubt that the cause of action alleged would be governed either by subdivisions two or three if the cause had named the sheriff as the defendant, and recovery would be barred by the statute. It has long been a sound principle of law that if the action is barred against the principal, it is also barred against his surety, and there could be no doubt here except for subdivision five. The statute was adopted from Kansas and the Oklahoma Supreme Court has held many times that the interpretation given it by the Kansas Supreme Court would be followed. The principle was laid down in general terms in United States ex rel. Search v. Choctaw, O. & G. R. Co. et al., 3 Okl. 404, 41 P. 729, 731, as follows: "Our Code of Civil Procedure having been adopted from the state of Kansas, this court will follow the principles of construction and interpretation which have been applied to it by the supreme court of that state."

In the case of Morrissey v. Carter et al., 103 Okl. 36, 229 P. 510, 512, the identical question was before the court with the exception that Carter, the sheriff of Canadian County, Oklahoma, was sued by Morrissey for damages caused by making a false return of the service of summons in a case during his term of office, and his bondsman was joined as a party defendant. The act complained of was committed three years, five months, twelve days before suit was filed. The court held: "The action is not one created by statute or one based on contract or on the bond of the officer, but is one based upon the wrongful act of the sheriff through his deputy in making a false return of the summons resulting in injury to the plaintiff. Miller v. Wissert, 38 Okl. 808, 134 P. 62. The gist of the action is the wrongful act and for damages growing out of the wrongful act of the defendant, and the limitation applicable is expressed in paragraph 3 of the statute, and the action is barred unless within the exception for fraud, which is made to toll the time, till discovery of the fraud. (Citing authorities.)"

This was the law in Oklahoma without any deviation therefrom until the case of Arnold et al. v. Board of Commissioners of Creek County, 124 Okl. 42, 254 P. 31, 32. In that suit the county commissioners sued Harrison Arnold, court clerk, and his bondsman, Maryland Casualty Company, for default in the payment of moneys during his term of office. Neither the petition nor the evidence disclosed that the cause of action accrued more than five years prior to the filing of the petition, and the court held it was not error to overrule the plea of the statute of limitations. The court discussed the statute as follows: "We are not unmindful, as contended by defendants, that there is much and respectable authority, notably Kansas, holding that such bond is not a contract in the strict sense of the term; that it is a sort of vicarious undertaking—a collateral security for the faithful performance of official duty; that the liability even on such official bond is one created by statute, and would come within the second subdivision of section 185 [12 O.S.1941, § 95, subd.

2], the three-year statute of limitation; that the wrong or delict of the principal or officer is the basis of the cause of action, and not the bond; that the bond is simply security, and, since the delict, the failure to pay and account, would be barred in three years, the right to maintain the action therefor upon the bond, which simply operates as a security for the thing, must necessarily be barred; that, because the principal debt or cause of action has failed and is barred, the security must also fail, and be barred. It is unnecessary to examine the question further from the legal or academic standpoint. It is sufficient to observe that this court bases its holding upon the clear language of said fifth subdivision, supra, the five-year statute of limitation applicable in an action upon the official bond of any officer, and the plain language of the bond, the rule in other jurisdictions to the contrary notwithstanding. (Citing authorities.)"

This decision, while not specifically overruling former decisions of the court, did so by implication at least, and caused considerable confusion on the subject until the opinion in Harris v. Roberts et al., 179 Okl. 568, 66 P.2d 931, 932, which distinguishes the other cases and appears to set at rest the principle of law involved. In that case, Harris filed an action on February 27, 1935 against W. A. Roberts and the Western Casualty and Surety Company on a sheriff's bond. When the defendant Roberts became sheriff in January, 1931, a redelivery bond in a replevin case was delivered to him by Frank Stuart and through carelessness was lost, to the damage of the plaintiff Harris. The allegations of the petition showed that the plaintiff knew at least on November 8, 1932 that the bond had been lost. The court held: " * * * The statute of limitations therefore had run against his action at the latest November 8, 1934. His first petition was filed February 27, 1935."

The court then distinguished the various holdings and concluded as follows: "Plainly an action against 'any other person' would be barred by the two-year statute (12 Okl.St.Ann. § 95). Plaintiff has cited a number of authorities, among them

Arnold v. Board of County Commissioners of Creek County, 124 Okl. 42, 254 P. 31, which hold that where there is a plain statutory duty imposed upon an officer, the statute does not run until five years. As pointed out in Morrissey v. Carter and National Bank of Claremore v. Jeffries, supra [126 Okl. 283, 259 P. 260], the action is not one upon a plain statutory duty, but is for negligence resulting from the act of the officer."

█ Thus when the cases pertaining to the subject in the Oklahoma courts have been analyzed and distinguished, it is clear that in the instant case the action is barred by the statute of limitations and judgment should be for the defendant for its costs.

Findings of fact, conclusions of law and a form of judgment, consistent with this opinion, may be submitted within fifteen days of this date.